## THE PEOPLE *v.* VANARD.

Where a defendant was indicted for an assault with intent to commit murder, and the jury found a verdict of guilty of an "assault with intent to do bodily injury," *Held* that the verdict only found the prisoner guilty of an assault and not of a felony.

The weapon or instrument with which the assault is committed constitutes the *gist* of the felony, as distinguishing the act from an ordinary assault, and should therefore be alleged and found.

APPEAL from the Court of Sessions of Sacramento County.

The defendant was indicted for an assault with intent to commit murder. The jury brought in a verdict of assault with intent to do bodily injury. The Court below thereupon sentenced the prisoner to one year's imprisonment, and to pay a fine of $3,000 and the costs of prosecution. Defendant appealed.

*Sanders & Ferguson* for Appellant.

*Horace Smith* for the People.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice TERRY concurred.

The first error relied on by the appellant is the refusal of the Court to continue the cause on the ground of the absence of a material witness. The affidavit does not show sufficient diligence on the part of the prisoner and the application was therefore properly denied.

The next objection which is urged, is the informality of the verdict. The defendant was indicted for "an assault with the intent to commit murder." The jury found the prisoner "guilty of an assault with the intent to do bodily injury."

In the case of the People *v.* John Nugent, 3 Cal., 341, we held that an indictment for an assault with a deadly weapon, with the intent to do great bodily injury, need not contain the allegation that the same was "committed without considerable provocation;" that although such language qualifies the character of the offence, yet it does not enter into the gist of the charge; that the words are a negative qualification of the offence which need not be averred, but must be relied on for defence on the trial.

In the present case it is apparent that the verdict does not find the prisoner guilty of the crime charged in the indictment, to wit: "an assault with an intent to commit murder." Let us then inquire if there is any lesser offence embraced in this charge of which the prisoner is found guilty by the verdict. The next in grade is, "an assault

with a deadly weapon, instrument, or other thing, with the intent to inflict upon the person of another a bodily injury, where no considerable provocations appears, or where the circumstances of the assault show an abandoned and malignant heart." Now, although the provocation and the circumstances need not be alleged in the indictment, and consequently not set out in the verdict, still it is apparent that the weapon or instrument with which the assault was committed, should be alleged and found, as the fact that the assault was made with a deadly weapon, etc., is of the substance of the offence and distinguishes it from an ordinary assault.

In the case of the People *v.* Kennedy & Davidson, 5 Cal., relied on by the Attorney General, the verdict found the prisoner "guilty of an assault with a deadly weapon with the intent to commit bodily injury," which under the decision of the People *v.* Nugent, already referred to, was held substantially sufficient. In this case the verdict only finds the prisoner guilty of an assault, and she cannot be punished for a felony.

The other grounds of error are not well taken.

The judgment of the Court below is set aside, and the Court directed to enter judgment for the crime of assault and affix the punishment according to the provisions of the one hundred and forty-third section of the Criminal Code.