[No. 10,004.]

## THE PEOPLE *v.* JOSE MURAT.

Assault with Deadly Weapon.—An assault made with intent not to do murder but only to do a lesser bodily harm, is not constituted a felony, unless such an assault was made with a deadly weapon, or by resort to means of a deadly nature.

Assault without a Deadly Weapon.—An assault made without the use of a deadly weapon with intent to do mere bodily harm, and not to do murder, is a misdemeanor, nothing more.

Judgment in Criminal Case. — Under an indictment for an assault to commit murder, a conviction of an assault made with a deadly weapon to do bodily harm cannot be supported, unless it sufficiently appear upon the face of the indictment that the assault was made with a deadly weapon.

Appeal from the County Court of the County of San Diego.

The appeal was taken from the judgment and from an order denying a motion for a new trial.

*S. S. Sanborn and L. Branson*, for Appellant.

*The Attorney General* (represented by *G. A. Blanchard*), for Respondent.

By the COURT:

The defendant was indicted of a felonious assault made upon one Estudillo, with intent to murder him. The language of the indictment characterizing the offense is as follows: "Willfully, unlawfully, feloniously, and of his malice aforethought in and upon one Salvador Estudillo an assault did make, and willfully, unlawfully, and feloniously, and with malice aforethought, did then and there attempt to shoot, kill, and murder him," etc. The jury found the defendant "guilty of an assault with a deadly weapon with an intent to inflict upon the person of another a bodily injury," and upon this verdict judgment was rendered that the defendant be imprisoned in the State Prison.

It will be observed that the indictment does not allege the assault to have been made with a deadly weapon, and it is now objected that under such an indictment a conviction of an assault made with a deadly weapon with intent to inflict upon the person of another a bodily injury cannot be sustained. The argument for the prisoner is "that the averment that the assault was made with a *deadly weapon* is of the substance of the offense, and in order to convict it must be laid in the indictment and proven."

The fiftieth section of the statute (concerning crimes and punishments) under which the conviction was had is as follows:

"An assault with an intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or grand larceny, shall subject the offender to imprisonment in the State Prison for a term not less than one year, nor more than fourteen years. An assault with a deadly weapon, instru-

ment, or other thing, with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, shall subject the offender to imprisonment in the State Prison not exceeding two years, or to a fine not exceeding five thousand dollars, or both such fine and imprisonment."

Said Mr. Chief Justice MURRAY, in *People* v. *Vanard*, 6 Cal. 562, referring to the elements of the crime of assault with a deadly weapon with intent to inflict upon the person of another a bodily injury: "It is apparent that the weapon or instrument with which the assault was committed should be alleged and found, as the fact that the assault was made with a deadly weapon, etc., is of the substance of the offense and distinguishes it from an ordinary assault."

In that case, as in the preceding one of *People* v. *Davidson* therein referred to, the indictments were each in form for an assault with intent to commit murder alleged to have been made with pistols loaded with powder and leaden bullets, and in the subsequent case of *The People* v. *English* the indictment was of precisely the same character. In fact no case in this Court has been brought to our attention where the prisoner had been convicted of an assault made with a deadly weapon with intent to inflict upon the person of another a bodily injury in which there had been a failure altogether to allege the assault to have been made with a deadly weapon; indeed, the fact that a deadly weapon was resorted to by the prisoner is made by the statute itself an indispensable characteristic of such an assault, and one which distinguishes it from all others. An assault, if actually made with intent to commit rape, is a felony *per se*, and this because of the mere intent with which it is made. The particular means resorted to in making such an assault form no element of the offense. So an assault, if made with intent

to commit murder, is also a felony—the nature of the weapon, if any, used by the prisoner as being deadly or otherwise being of importance only as evidence in manifesting his intent. But an assault made with intent not to commit murder, but only to do a lesser bodily harm, is not constituted a felony, unless such an assault were made with a deadly weapon, or by resort to means of a deadly nature. The character of the particular agency employed by the prisoner in making such an assault is of the substance of the offense, as constituting it a felony, for an assault made without the use of a deadly weapon, with intent to do mere bodily harm, and not to do murder, is a misdemeanor, nothing more.

We are, therefore, of opinion that under an indictment for an assault to commit murder a conviction of an assault made with a deadly weapon to do bodily harm cannot be supported, unless it sufficiently appear upon the face of the indictment that the assault was made with a deadly weapon.

We think, indeed, that the question was substantially so decided here in *People* v. *Congleton*, 44 Cal. 92.

In that case the prisoner had been indicted of the crime of assault to commit murder, but the only averment found in the indictment, as to the nature of the weapon with which the assault was made, was that it was "a deadly weapon." We held that to be a sufficient averment as to the character of the weapon to support a conviction of assault with a deadly weapon with intent to do bodily harm.

In that case, in answer to the argument of counsel of the prisoner, in which it was insisted that a more particular description or designation of the weapon used should have been set forth in the indictment, we said:

"It is not true that in such cases the weapon becomes at once a necessary ingredient of the crime, as argued by counsel, but the *nature of the weapon* as being deadly or otherwise, is alone important; and it is essential to aver it

in some appropriate way to have been deadly in its character."

Judgment reversed and cause remanded for a new trial.