## SULLIVAN vs. THE STATE.

*Criminal Law: Pleading.*

Under an information charging that defendant, being armed with a dangerous weapon, made an assault with intent to commit murder, a verdict that he was "guilty of an assault with intent to do great bodily harm," but not guilty of the intent to murder (omitting to find that he was "armed with a dangerous weapon"), would sustain a judgment as for an assault merely (under sec. 10, ch. 179, R. S. 1858), the finding as to the intent being treated as mere surplusage; but will not sustain a judgment of imprisonment in the state prison under ch. 78 of 1877.

ERROR to the Circuit Court for *Racine* County.

*Sullivan* sued out a writ of error from this court to review a judgment against him in a criminal prosecution commenced by information. The judgment provided for his confinement in the state prison for a term of one year. The offense with which he was charged, and the errors alleged, will sufficiently appear from the opinion.

*A. S. Ritchie*, for plaintiff in error.

*The Attorney General*, for the state.

ORTON, J. The information charges that the defendant, with force and arms, being armed with a dangerous weapon, made an assault upon the body of one Adolph Klofonda, with

intent, feloniously, willfully and unlawfully, and of his malice aforethought, him, the said Adolph Klofonda, to kill and murder.

The court charged the jury: "If you find, in the first place, that it was not an offense as charged in the information, that of an assault with intent to commit the crime of murder, then, if you find that it was an offense which comes under the statute just read, that is, an assault with intent to do great bodily harm to the prosecuting witness, *you will say that you find the defendant guilty of an assault with intent to do great bodily harm*, but not guilty of an assault with intent to commit murder," etc.

The verdict of the jury was: "We, the jury, find the defendant guilty of an assault with intent to do great bodily harm, but not guilty of an assault with intent to commit the crime of murder."

This verdict is precisely in the form directed by the court in the above instruction, and leaves out an essential element of the crime as defined in ch. 78, Laws of 1877, viz., "*being armed with a dangerous weapon*," and does not warrant the judgment and sentence of imprisonment in the *state prison*. The verdict may be sustained by treating it as one for an assault merely, rejecting the words "with intent to do great bodily harm" as surplusage; and so it should have been received, and the judgment and sentence should have been rendered under sec. 10, ch. 179, R. S. 1858, for an assault. *Carpenter v. The People*, 4 Scam., 198; *People v. Vanard*, 6 Cal., 562; *Ex parte Max*, 44 id., 586; *People v. Murat*, 45 id., 281; *Ex parte Ah Cha*, 40 id., 426; *People v. Davis*, 4 Parker, 61; *Wilson v. The People*, 24 Mich., 410; ch. 364, Laws of 1860; *Benedict v. The State*, 12 Wis., 314. It follows that the judgment must be set aside as erroneous, and the defendant should be sentenced under sec. 10, ch. 179, R. S. 1858, as for an assault.

*By the Court.* — The judgment of the circuit court is re-

versed, and the prisoner remanded to the custody of the sheriff of Racine county, to be sentenced according to law.