[No. 10,968. Department One.— August 27, 1884.]

# THE PEOPLE, RESPONDENT, *v.* T. A. TURNER, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT MURDER—SUFFICIENCY OF INDICTMENT AND VERDICT. — Since the amendment of 1874 to section 245 of the Penal Code, where a party is indicted for an assault with intent to commit murder, and a verdict is rendered against him for an assault with a deadly weapon, the verdict is sufficient to support a judgment of imprisonment for two years in the State prison, without stating that the assault was made with intent to commit great bodily injury.

ID.—IMPEACHMENT OF WITNESS.— A witness was asked, "did you not state, in the month of September, in the presence of William Knowles and James Robinson, on the way between town here and the race track, that you would go into court and swear anything at all that would injure the Thomases," to which he answered, no. *Held*, that the question was sufficiently definite to lay the foundation for an impeachment of the witness.

ID.—INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.—The court refused the following instruction to the jury asked for by the defendant: "You are instructed that before you can find the defendant guilty, you must be satisfied to a moral certainty, that the circumstances of the case are not only consistent with the guilt of the defendant, but are entirely inconsistent with any other reasonable hypothesis that can be adduced from the evidence." A full and correct charge had already been given on the subject of reasonable doubt. *Held*, that as the case did not depend in any degree on circumstantial evidence, it was not error to refuse the instruction.

APPEAL from a judgment of the Superior Court of Plumas County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. W. Kellogg, D. W. Jenks, J. D. Goodwin,* and *Langhorne & Miller,* for Appellant.

*Attorney-General Marshall,* and *R. H. F. Variel,* for Respondent.

MORRISON, C. J. — The defendant was indicted for the crime of assault with intent to commit murder upon one William B. Thomas, and was found guilty of an assault with a deadly weapon. The verdict of the jury is in the following language:—

"We, the jury in the case of the People of the State of California against Thomas Alexander Turner, find the defendant guilty of an assault upon the person of William B. Thomas, with a deadly weapon."

Upon the foregoing verdict the court entered judgment condemning the defendant to two years' imprisonment in the State prison.

The first ground of reversal urged on this appeal is that the judgment is erroneous because the verdict found the defendant guilty of nothing but an assault. It is claimed that there was no finding that the assault was committed with intent to produce great bodily injury, and that therefore the verdict did not find the ultimate and essential facts necessary to support the judgment for a felony under section 245 of the Penal Code; that the *intent* is not found.

The case of *People* v. *Vanard,* 6 Cal. 562, is relied upon by the defense, but it is claimed on behalf of the prosecution that the law has been changed since that case was decided, and that section 245 of the Penal Code, as it now stands, makes it a felony for one person to assault another with a deadly weapon, and furthermore that it is sufficient to charge an offense in the language of the statute, and that an offense sufficiently charged is sufficiently found in the language of the charge. These are elementary principles of law, and need no citation of authorities in support of them.

Section 245 of the Penal Code as it was amended in 1874 is as follows: —

"Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable by imprisonment in the State prison, or in a county jail, not exceeding two years, or by fine not exceeding five thousand dollars, or by both."

It is conceded by the prosecution that under the statute as it stood before the amendment, it was necessary to charge (and find) that the assault was made with a deadly weapon, with intent to produce great bodily injury; and it is claimed by the defense that the law has undergone no change in this regard by the amendment of 1874.

We think that the amendment has worked a material change in the section, and that, as it now stands, it is unnecessary to charge in the indictment, or for the jury to find, that the assault was made with a deadly weapon, with intent to produce great bodily injury. It is sufficient to follow the language of the statute in charging the offense, and by parity of reasoning, it is sufficient for the jury to find in the language of the charge. We therefore conclude that the point is not well taken. (See *Ex parte Donahue*, 65 Cal. 474.)

2. The second ground of error assigned on the appeal is, "that the court erred in allowing the prosecution to ask an impeaching witness the question below stated, for the reason that the proper foundation had not been laid."

Paul Lenneux was being examined as a witness on behalf of the defense, and on cross-examination was asked the following question: —

"Did you not state, in the month of September, in the presence of William Knowles and James Robinson, on the way between town here and the race-track, that you would go into court and swear anything at all that would injure the Thomases?" The answer was, "no, sir."

For the purpose of contradicting or impeaching the witness, the prosecution afterwards called William Knowles and interrogated him on the subject of the supposed conversation. He was asked: "Did you have a conversation with Paul Lenneux

during the fair week, on the road between Quincy and the fair grounds, in the presence of James Robinson and others?" Answer: "The conversation was directed to James Robinson. I heard it." Question: "What was the conversation?" To the question the defendant objected, upon the ground that no proper foundation had been laid. The objection was overruled and exception noted. Answer: "He said he would do anything to injure the Thomases, or do anything he could to help Turner."

The objection, that a proper foundation had not been laid for asking the question put to the impeaching witness, can only mean that the question put to the witness whom it was sought to impeach was not sufficiently definite. We think it was, and as that is the sole ground of the objection, it was not error to overrule it.

The third point is on the refusal of the court to give the jury the following instruction: "You are instructed that before you can find the defendant guilty, you must be satisfied, to a moral certainty, that the circumstances of the case are not only consistent with the guilt of the defendant, but are entirely inconsistent with any other reasonable hypothesis that can be adduced from the evidence."

The instruction was refused on the ground that it had already been substantially given. The court fully and correctly charged the jury on the subject of reasonable doubt, and, in our view of the case, the charge sufficiently covers it.

There is no doubt that in a proper case, dependent upon circumstantial evidence, such an instruction as that asked by the defendant should be given by the court, but the present case did not depend in any degree on circumstantial evidence. That the defendant shot Thomas was an uncontroverted fact in the case. It was proved by the evidence of Thomas and several other witnesses, and was admitted by the defendant when he took the stand as a witness. The only matter of defense was that the shooting was in self-defense. The question and the law of justification or excuse was fully and correctly stated by the court to the jury, and the only principles of law applicable to the facts of the case as they were proved on the trial were given to the jury.

Having examined all the points made in defendant's brief, and finding nothing in them to warrant a reversal of the judgment, the same and the order denying a new trial are affirmed.

SHARPSTEIN, J., ROSS, J., and McKINSTRY, J., concurred.