[No. 20,058. In Bank.—January 20, 1885.]

THE PEOPLE, RESPONDENT, *v.* CHRISTIAN H. PAPE, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—ASSAULT WITH DEADLY WEAPON.—A conviction of an assault with a deadly weapon may be had under an information charging an assault with intent to murder.

ID.—INFORMATION—ALLEGATION OF DEADLY CHARACTER OF WEAPON.—An information for an assault with a deadly weapon, which avers that the instrument with which the assault was committed was a deadly weapon, or states facts from which the court can. see that it was necessarily such, sufficiently alleges the deadly character of the instrument.

ID.—EXPLOSION OF POWDER.—One who attempts to commit a violent injury on the person of another by means of the explosion of gunpowder is guilty of an assault with a deadly weapon, although he was not present when the explosion occurred.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of an assault with a deadly weapon under an information for an assault with intent to murder. The information alleged that the instrument used in the commission of the assault was a tin box filled with gunpowder. The evidence tended to show that the box was placed by the defendant in the stove of the prosecuting witness, where it exploded. The explosion occurred in the city and county of San Francisco, the defendant being at the time in another county. The further facts are stated in the opinion of the court.

*Robert Ash*, for Appellant.

*Attorney General Marshall*, for Respondent.

The COURT. — It is not contended by appellant but that the information sufficiently charges an assault with intent to murder. The jury found the defendant (appellant) guilty of an assault with a deadly weapon. The offense of which defendant was found guilty is included in that with which he was charged. (*People* v. *English*, 30 Cal. 215.) It is urged the information fails to aver the assault was with a deadly weapon; that a "tin box filled with gunpowder" is not necessarily a deadly weapon. But the information charges that the tin box filled with gunpowder, wherewith it is alleged the assault was made, was a deadly weapon. The important part of the averment is that the weapon was deadly. (*People* v. *Congleton*, 44 Cal. 92.) Where the indictment either avers that the instrument or thing was a deadly weapon, or states facts from which the court can see that it was necessarily such, it would seem to be sufficient. (*People* v. *Jacobs*, 29 Cal. 579.) It is further contended that an assault was not proved, because the case shows defendant was not present when the explosion occurred. " An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (Pen. Code, § 240.) It has been said that the attempt must be *apparent*. (Whart. Crim. Law, § 603.) But this does not mean that it must be apparent to the person against whom the assault is made, and it is no defense that the attack is made upon an unconscious per-

son. (Id. 612.) Nor, upon principle, must it appear, to constitute the offense, the intent was that the injury should follow immediately on the act which is the attempt. If defendant placed the vessel containing gunpowder in the coal bin of the prosecuting witness, it may be he might have been indicted for an attempt to murder, but his act was an assault. He had a present ability to do the act. There was evidence to sustain the verdict. Judgment and orders affirmed.