[No. 20968.   Department Two.—August 11, 1893.]

THE PEOPLE, RESPONDENT, *v.* H. L. GORDON, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — CONVICTION OF ASSAULT WITH DEADLY WEAPON. — The offense of an assault with a deadly weapon is necessarily included in that of an assault with intent to commit murder, and under an indictment or information charging the greater offense to have been committed with a deadly weapon, the defendant may be found guilty of the lesser.

ID. — FORMER ACQUITTAL OF GREATER OFFENSE CHARGED. — When one is charged with an offense which includes another offense of lower grade, and is regularly tried and found guilty only of the lesser offense, the verdict operates as an acquittal of the offense charged, and he cannot be again tried for that offense, though a new trial is granted upon his motion.

ID. — TESTIMONY TAKEN AT FORMER TRIAL — ABSENCE OF WITNESS FROM STATE —
INCOMPETENT EVIDENCE — GENERAL OBJECTION. — In a criminal case, the testi
mony of a witness taken at a former trial, who is absent from the state at the
time of a second trial, is inadmissible, and being absolutely incompetent, is
subject to the general objection that the evidence was incompetent, irrelevant,
and immaterial.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial.

The facts are stated in the opinion.

*Morehouse & Tuttle,* for Appellant.

*Attorney-General W. H. H. Hart,* and *District Attorney V. A.
Scheller,* for Respondent.

BELCHER, C. — The defendant was charged with the crime
of assault with intent to commit murder and pleaded not guilty
to the charge. He was tried and found guilty of an assault
with a deadly weapon. On appeal to this court the judgment
entered against him was reversed, and the cause remanded for a
new trial. (*People* v. *Gordon,* 88 Cal. 422.) When the case
was again called in the trial court, the defendant entered two
additional pleas, one that he had already been acquitted of the
offense of assault with intent to commit murder by the verdict
and judgment rendered on the former trial, and the other that
he had been once placed in jeopardy for the offense charged.

At the trial which followed, the defendant, to sustain his
plea of former acquittal and once in jeopardy, offered and read
in evidence the whole record and proceedings on the former
trial. At the conclusion of the trial, the court of its own motion
gave to the jury, among others, the following instruction: —

"The defendant in this case has interposed the plea of 'not
guilty,' and has also interposed two other pleas, the plea of
'once in jeopardy' and the plea of 'former acquittal.' In that
regard it is insisted by the defendant that, having been hereto-
fore tried upon information in this case, and convicted by a jury
of an assault with a deadly weapon with intent to inflict great
bodily injury upon the prosecuting witness, he had been ac-
quitted of the higher offense, an assault with intent to commit
murder, and it is further insisted that he had been once in
jeopardy.

"Upon these two pleas, gentlemen, the court instructs you that you shall find for the People—that is, you shall return your verdict upon the plea of once in jeopardy against the defendant, that is, that he has not been in jeopardy; and as to the plea of former acquittal of the higher offense charged in the information, you shall also return your verdict in favor of the People, and against the defendant."

The jury found as directed on the two pleas referred to in the instruction, and also found the defendant "guilty of an assault with a deadly weapon, with intent to inflict upon the person of C. H. Potter, the prosecutor, great bodily injury as charged in the information."

Upon this verdict judgment was entered as on the former trial, that the defendant be fined in the sum of $2,500, and in default of the payment thereof, that he be imprisoned in the county jail of Santa Clara County at the rate of one day for each four dollars of said fine, and not to exceed in the aggregate six hundred and twenty-five days.

The defendant appeals from the judgment and an order denying his motion for a new trial.

The appellant contends that the court erred in instructing the jury to find against him on his pleas of former acquittal and once in jeopardy, and this contention we think must be sustained.

Section 1159 of the Penal Code provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

It is settled law in this state that the offense of assault with a deadly weapon is necessarily included in that of assault with intent to commit murder, and that under an indictment or information charging the greater offence to have been committed with a deadly weapon, the defendant may be found guilty of the lesser. (*People* v. *English,* 30 Cal. 215; *Ex parte Donahue,* 65 Cal. 474; *People* v. *Pape,* 66 Cal. 366; *People* v. *Bentley,* 75 Cal. 407.)

It is also settled law that when one is charged with an offense which includes another offense of lower grade, and is regularly tried and found guilty only of the lesser offense, the verdict

operates as an acquittal of the offense charged, and he cannot be again tried for that offense.

In *People* v. *Gilmore*, 4 Cal. 376; 60 Am. Dec. 620, the defendant was charged with murder and found guilty of manslaughter. On his motion a new trial was granted, and on the second arraignment he pleaded a former acquittal. The court, by Murray, C. J., said: "A conviction for manslaughter is an acquittal of the charge of murder, and the verdict, though general in its terms, must by legal operation amount to an acquittal of every higher offense charged in the indictment than the particular one of which the prisoner is found guilty." And the court quoted with approval the following language used by the supreme court of Mississippi: "The jury in such a case in contemplation of law render two verdicts; the one acquitting him of the higher crime, the other convicting him of the inferior. They must first determine his guilt or innocence upon the charge made by the indictment, before proceeding to inquire whether he is guilty of an inferior crime. The verdict of manslaughter is as much an acquittal of the charge of murder as a verdict pronouncing his entire innocence would be, for the effect of both is to exempt him from the penalty of the law for such crime." (*Hurt* v. *State*, 25 Miss. 378; 59 Am. Dec. 225.)

In *People* v. *Apgar*, 35 Cal. 389, the defendant was indicted for an assault with a deadly weapon, and convicted of a simple assault only. The court, by Sawyer, C. J., after referring to prior cases, said: "Upon the principle of these cases the defendant is acquitted of the higher offense charged, and cannot be again tried for it, so that the case as to that offense is wholly ended. He was only convicted of the lower offense embraced in the indictment, and if the judgment were reversed he could only be tried for that offense."

And in this case the court on the former appeal, by Garoutte, J., said: "But having been found guilty of the crime of 'assault with a deadly weapon' only, he is acquitted of the higher offense."

There have also been numerous decisions to the same effect in other states, but we deem it unnecessary to cite them.

It is contended, however, for respondent that the instruction

complained of was proper, for the reason that the former judgment was set aside and a new trial granted at the instance of appellant, and hence that he cannot claim protection under a law applicable to cases of "former acquittal" and "once in jeopardy"; and in support of this contention counsel cite *People* v. *Keefer*, 65 Cal. 232, and section 1180 of the Penal Code.

The constitution in section 13 of article I. declares that "no person shall be twice put in jeopardy for the same offense," and section 687 of the Penal Code provides that "no person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted." Section 1023 of the same code also provides that "when the defendant is . . . . acquitted, or has been once placed in jeopardy upon an indictment or information, the . . . . acquittal or jeopardy is a bar . . . . for an offense necessarily included therein, of which he might have been convicted under that indictment or information." Under these provisions it must be held that when a person is once placed upon his trial before a competent court and jury upon a valid indictment or information, the "jeopardy" attaches, to which he cannot be again subjected, unless the jury be discharged from rendering a verdict by a legal necessity, or by his consent; or in case a verdict is rendered, unless it be set aside at his instance. (*People* v. *Webb*, 38 Cal. 467; *People* v. *Horn*, 70 Cal. 17.)

The question then is, Did the fact that the verdict finding the defendant guilty of the minor offense was set aside at his instance, subject him to be tried again for the major offense of which he had been acquitted? There can, in our opinion, be but one answer to this question, and that must be in the negative.

In the case of *People* v. *Keefer*, 65 Cal. 232, the defendant was indicted for the crime of murder, and convicted of murder of the second degree. On his motion a new trial was granted. At the second trial his counsel requested the court to instruct the jury that: " Defendant having been previously tried on this indictment and found guilty of murder of the second degree, he cannot now be convicted of murder in the first degree." The instruction was refused, and on appeal the refusal was held to be proper. This was based upon the fact that there is but one crime of murder, which is the unlawful killing of a human

being with malice aforethought. The court said: "The indictment charges the crime of *murder*, and the defendant was not acquitted of murder by the first verdict. In dividing the crime of murder into two degrees the legislature recognized the fact that some murders, comprehended within the same general definition, are of a less cruel and aggravated character than others, and deserving of less punishment. It did not attempt to define the crime of murder anew, but only to draw certain lines of distinction by reference to which the jury might determine in a particular case whether the crime deserved the extreme penalty of the law or a less severe punishment." It was accordingly held that the defendant had subjected himself to a retrial on the charge of murder, and that on such retrial he might be found guilty of murder of the first degree if the evidence would warrant such a verdict. That case is not in point here, for the reason that an assault with intent to commit murder and an assault with a deadly weapon are not the same offense, but are different offenses. (Pen. Code, secs. 217, 245.)

Section 1180 of the Penal Code is as follows : "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the indictment."

There can be no doubt that the granting of a new trial, upon the application of the accused, of an offense of which he has been convicted places him in the same position as if no trial had been had; but if it was meant by the section quoted to go further and provide that when the indictment charges two or more offenses, and on the first trial the accused is acquitted of one of the offenses charged and convicted of another, the granting of a new trial of the offense of which he was convicted places him in the same position as to the offense of which he was acquitted as if no trial had been had, and thus subjects him to be tried again for the last-named offense, then the section is clearly in conflict with the provision of the constitution above quoted, and for that reason is void. (See *People* v. *Gilmore*, 4 Cal. 376; 60 Am. Dec. 620; Cooley's Constitutional Limitations, 6th ed., p. 401, and cases cited.)

But conceding that the instruction complained of was erroneous, still it is claimed for respondent that the appellant was not and could not have been harmed by it, since he was found guilty only of an assault with a deadly weapon. On the other hand, it is claimed for appellant that he was wrongly subjected by the court to a trial for assault to commit murder, and that the instructions tended to prejudice him materially before the jury. As the judgment must be reversed upon another ground, it is not necessary to decide this point.

At the first trial, C. H. Potter, the prosecutor, was examined as a witness for the People, and his testimony was taken down by the shorthand reporter and thereafter correctly transcribed by him. At the second trial proof was introduced by the prosecution, showing that the witness, after due diligence, could not be found within this state. "Thereupon the district attorney offered in evidence the testimony of the witness, C. H. Potter, given at the former trial of this cause in the superior court of the state of California, in and for the county of Santa Clara, as extended by the then and present shorthand reporter," and the testimony was admitted by the court and read to the jury over the objection and exception of defendant. Again, at the conclusion of the defendant's evidence the district attorney offered and was permitted to read to the jury, over a like objection and exception by defendant, the testimony of the same witness given in rebuttal on the former trial.

Section 686 of the Penal Code provides that in a criminal action the defendant is entitled "to be confronted with the witnesses against him in the presence of the court," except in certain specified instances, of which this is not one. We have no statute authorizing testimony, taken as that objected to was, to be read on a second trial; and in *People* v. *Chung Ah Chue*, 57 Cal. 567, and the late case of *People* v. *Gardner*, 98 Cal. 127, such testimony was held to be inadmissible. See also *People* v. *Qurise*, 59 Cal. 343, where the ruling in the former case was approved and followed.

Following these cases, it must be held that the testimony was inadmissible. But if this be so, it is claimed that no sufficient objection to its admission was made, and therefore that the court did not err in its rulings. The objections, among others, were

that the testimony was "incompetent, irrelevant, and inadmissible." The general rule undoubtedly is that to entitle an objection to notice its point must be particularly stated (*Kiler* v. *Kimbal*, 10 Cal. 268; *Crocker* v. *Carpenter*, 98 Cal. 418); but when the evidence objected to is absolutely incompetent a general objection is available. (*Nightingale* v. *Scannell*, 18 Cal. 315.) Here the te-timony objected to was absolutely incompetent, and the objections taken were therefore sufficient.

Other grounds for a reversal are urged, but they do not require special notice.

We advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause is remanded for a new trial.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.

Hearing in Bank denied.