In re BENNETT.

(District Court, N. D. California.   December 13, 1897.)

No. 11,393.

1. CRIMINAL LAW—FORMER JEOPARDY—CONVICTION OF LESSER OFFENSE—NECESSITY OF PLEA.
    On the trial of a defendant charged with assault with intent to commit murder, a verdict finding him guilty of assault with a deadly weapon is, in legal effect, an acquittal of the higher offense; and, on a new trial being awarded, the court has no jurisdiction to again place him on trial for such offense, under the same information or indictment, or to require him to enter any further plea thereto in order to preserve his constitutional right not to be placed twice in jeopardy. The verdict is a part of the court's record of its proceedings on such information, of which it is bound to take judicial notice.

2. SAME—VOID JUDGMENT—WANT OF JURISDICTION SHOWN BY RECORD.
    A judgment of conviction against a defendant is void for want of jurisdiction where the records of the court rendering it show that the defendant was previously tried on the same information, and a verdict was returned finding him guilty of a lesser offense.

3. HABEAS CORPUS—RULE IN FEDERAL COURTS—ILLEGAL CONVICTION BY STATE COURT.
    Though the judgment of a state court, under which a petitioner is imprisoned, is void, and rendered in violation of the petitioner's rights under the constitution of the United States, a federal court will not release him on habeas corpus where, on the setting aside of such illegal conviction, there remain other charges in the information, on which he has not been tried; his remedy in such case being confined to a writ of error from the United States supreme court, which has the power to remand him to the state authorities.

Application by C. R. Bennett for writ of habeas corpus.

D. M. Conner, for petitioner.

DE HAVEN, District Judge. The application for the issuance of a writ of habeas corpus herein was ably presented by the attorney for the petitioner in his argument upon the hearing, and I have given to the case stated in the petition careful consideration. It appears from the petition that there was filed in the superior court of Alameda county, in this state, an information charging the petitioner with the crime of an assault with an intent to commit murder. Thereafter, on the 8th day of January, 1895, he was placed on trial in department 4 of that court, upon such information; and a verdict finding him guilty of the lesser offense of an assault with a deadly weapon was returned by the jury. The petitioner then moved for a new trial, which was granted; and the petition charges that thereafter "without any new or other information, indictment, charge, or accusation, and without any new arraignment of your petitioner or new or other plea on his part, he was again put upon trial in said superior court, before the same department and judge, upon the said information and charge of assault with intent to commit murder." This trial resulted in a verdict of guilty as charged, and thereafter the said superior court, on motion of the petitioner, granted him a new trial, on the sole ground that he had been twice put in jeopardy for the higher offense of which he had been convicted. This order was reversed by the supreme court of the state of California (45 Pac. 1013), and the cause remanded to the superior court of Alameda county, which then, in obedience to the judgment of the supreme court, sentenced the petitioner to serve one year in the penitentiary, as punishment for the crime of an assault with intent to commit murder, and this latter judgment has been affirmed by the supreme court of the state. 50 Pac. 703.

It is proper in this connection to say that the petitioner did not interpose, in bar of his second trial for the greater offense charged against him in the information, a special plea of former acquittal of such offense; and it was for the failure so to do that the supreme court held that under the Penal Code of the state, as construed by it, he was properly convicted of such higher offense, notwithstanding his prior acquittal, and in its discussion of the general question that court said:

"The fact that the first trial was had in the same court and before the same judge as the second trial in no way excused the necessity of the plea of once in jeopardy." People v. Bennett, 114 Cal. 56, 45 Pac. 1013.

The petitioner is now imprisoned under the judgment of conviction above referred to, and he claims that his conviction of the crime of assault with intent to commit murder, under the circumstances above stated, deprives him of rights guarantied to him by the fourteenth amendment to the constitution of the United States. There can be no doubt that the verdict of the jury rendered upon the first trial of the petitioner, finding him guilty of the lesser offense, of an assault with a deadly weapon, was, in legal effect, an acquittal of the higher offense charged in the information filed against him, and of which the defendant at present stands convicted. That such is the legal effect of that verdict may now be considered as settled beyond

all question. People v. Gilmore, 4 Cal. 376; People v. Gordon, 99 Cal. 227, 33 Pac. 901; Com. v. Herty, 109 Mass. 348; State v. Belden, 33 Wis. 121; State v. Martin, 30 Wis. 216; State v. Hill, Id. 416; State v. Kattlemann, 35 Mo. 105; State v. Ross, 29 Mo. 32; Johnson v. State (Fla.) 9 South. 208; Golding v. State (Fla.) 12 South. 525. Such being the law, it is clear that the petitioner is now under conviction and suffering imprisonment for an offense of which he was acquitted by the verdict of a jury; and the further fact, alleged in the petition, that such conviction occurred in the same court and upon the same information upon which the former verdict of acquittal was rendered, at once raises the question whether such conviction is in violation of that provision of the fourteenth amendment to the constitution of the United States which declares that no state shall deprive any person of life, liberty, or property without due process of law.

In speaking of what is meant by the phrase "due process of law," the supreme court of Mississippi, in Brown v. Levee Com'rs, 50 Miss. 468, used this language:

"It refers to certain fundamental rights which that system of jurisprudence, of which ours is a derivative, has always recognized. If any of these are disregarded in the proceedings by which a person is condemned to the loss of life, liberty, or property, then the deprivation has not been by 'due process of law.'"

The right of a person, after acquittal by a jury, to be exempt from the jeopardy of being again placed on trial in the same court, and upon the same indictment, for the identical offense of which he has been acquitted, is certainly one of the fundamental rights which has always been recognized by our system of jurisprudence as belonging to the citizen; and, unquestionably, the guaranty of due process of law, found in the fourteenth amendment to the constitution of the United States, was intended, among other things, to secure to the citizen this right, and deprives the state of authority to convict and punish a person for a crime of which he has been duly acquitted by a jury, when the fact of such former acquittal is made to appear to the court before which he is again put in jeopardy for the same offense. Ex parte Ulrich, 42 Fed. 587. See, also, Ex parte Lange, 18 Wall. 163.

The judgment of the court under which the petitioner is now imprisoned is in violation of the constitutional rights of the petitioner as thus defined, and, in my opinion, is void in the extreme sense. After the petitioner was acquitted of the higher offense charged in the information, the superior court of the county of Alameda had no jurisdiction to again place him upon trial for such offense, upon the same information, or to require him to enter any further plea in order to preserve his constitutional right of protection against a second trial for that offense; and, if there is any statute of the state which attempts to confer upon the courts of the state such a jurisdiction, it is, in so far as it attempts so to do, clearly repugnant to the provision of the fourteenth amendment to the constitution of the United States, before referred to, and therefore void. If his acquittal had taken place in some other court, or upon another infor-

mation or indictment in the same court, it would have been incumbent upon the petitioner, in order to avail himself of his constitutional right of protection against being twice placed in jeopardy, to have specially pleaded such defense, and upon the trial to have exhibited evidence in support thereof, for in no other way could the court have been judicially informed of the facts, constituting a bar to a second trial; but, in the proceeding in which the petitioner was convicted, no such plea or evidence was necessary, because the court itself was bound to take judicial notice of every step shown by its own record to have been taken in the prosecution of the case before it,—notice not only of the petitioner's arraignment, and of his plea upon such arraignment, but also of the verdict rendered upon the former trial of the same case, and entered upon the record of the court as a perpetual memorial of its rendition; and, having judicial knowledge of such facts, the court was bound to know that, under the constitution, it no longer had jurisdiction to retry the petitioner for the offense of which he had been acquitted by such former verdict.

It was stated by Mr. Justice Miller, in delivering the opinion of the court in Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 544, "that it is not always very easy to determine what matters go to the jurisdiction of the court, so as to make its action when erroneous a nullity"; and certainly, in a case where a court has, by law, jurisdiction of the offense charged, and of the defendant on trial, a ruling made during the course of the trial, and which might on appeal be held to have deprived such defendant of a constitutional right claimed by him, would not make a judgment of conviction given by such court void in the extreme sense, and so subject to collateral attack, if the error could only be made to appear by a bill of exceptions, which would not, except for the purposes of an appeal, form any part of the judgment record; but the verdict of a jury in a criminal case constitutes a part of the record of the case in which it is rendered. In so far as it acquits a defendant of any offense embraced in the indictment, it cannot be set aside or disregarded by the court, in its final judgment. "A record is substantially a written history of the proceedings, from the beginning to the end of the case." U. S. v. Taylor, 147 U. S. 698, 13 Sup. Ct. 480. And so important a matter as the verdict of a jury, which finally determines any of the issues involved, necessarily forms a part of the judicial record or history of the case in which it is rendered. It follows from what has just been said that the verdict acquitting the petitioner of the crime of assault with intent to commit murder forms a part of the record of the subsequent judgment under which the petitioner is now imprisoned (Golding v. State [Fla.] 13 South. 525), and may be looked at even in a collateral proceeding, for the purpose of determining the validity of that judgment. The invalidity of the judgment under which the petitioner is imprisoned is thus made to appear upon the face of the record of that judgment. In any case where it appears from the record that the court had no authority to render judgment against a defendant, such judgment is void; and, where the record shows a second prosecution, trial, and conviction of an offense of which the defendant has once been acquitted or convicted, such judgment is void. In re Nielsen, 131

U. S. 176, 9 Sup. Ct. 672; In re Snow, 120 U. S. 274, 7 Sup. Ct. 556. The superior court of Alameda county was without jurisdiction to give the judgment against the petitioner convicting him of the offense of which he had once been acquitted, "because it was against an express provision of the constitution, which bounds and limits all jurisdiction." In re Nielsen, 131 U. S. 185, 9 Sup. Ct. 675.

The only question that remains is whether the petitioner is entitled to be discharged from his present imprisonment by proceedings under a writ of habeas corpus. The case of In re Friedrich, 51 Fed. 747, was one in which the petitioner therein was convicted by verdict of a jury in a superior court of one of the counties of the state of Washington of the crime of murder in the first degree, and upon his appeal from the judgment thereon, to the supreme court of the state, that court reversed the judgment of the trial court, with the direction to vacate the judgment imposing a sentence of death, and to enter a new judgment upon the verdict, for murder in the second degree (29 Pac. 1055, 30 Pac. 328, and 31 Pac. 332); and, in pursuance of such order, the trial court adjudged the petitioner therein to be guilty of murder in the second degree, and sentenced him to imprisonment therefor. He then filed a petition in the United States circuit court for the district of Washington, asking to be released from such imprisonment, by proceedings under a writ of habeas corpus; and, in the petition so filed by him, he claimed that the judgment of the supreme court was without jurisdiction; that it could not direct a judgment against him for the crime of murder in the second degree, without the finding of a jury that he was guilty of such crime. This action of the supreme court of the state of Washington was based upon a statute which that court construed as giving it the authority to modify the judgment of the trial court without directing a new trial. It was claimed by the petitioner that the supreme court of the state erred in thus construing the statute, and, in addition thereto, that, if such was its proper construction, then the statute was in violation of the fourteenth amendment to the constitution of the United States, and for that reason void. The United States circuit court, in an elaborate opinion by Hanford, district judge, reached the conclusion that the imprisonment of the petitioner was without due process of law, and in violation of the fourteenth amendment to the constitution of the United States; but at the same time it refused to discharge the petitioner, upon the ground that his remedy was to obtain a writ of error from the supreme court of the United States. This ruling of the circuit court was on appeal affirmed by the supreme court of the United States (13 Sup. Ct. 793); and, in affirming such order, that court declined to consider whether the supreme court of the state was right in its construction of the statute under which it had assumed to proceed, or whether such statute, if correctly construed, was in violation of the fourteenth amendment to the federal constitution. In passing upon the questions presented, the court said:

"It is certainly the better practice, in cases of this kind, to put the prisoner to his remedy by writ of error from this court, under section 709 of the Revised Statutes, than to award him a writ of habeas corpus; for, under proceedings by writ of error, the validity of the judgment against him can be called in question, and the federal court left in a position to correct the wrong,

If any, done the petitioner, and at the same time leave the state authorities in a position to deal with him thereafter, within the limits of proper authority, instead of discharging him by habeas corpus proceedings, and thereby depriving the state of the opportunity of asserting further jurisdiction over his person in respect to the crime with which he is charged. * * * Without passing, therefore, upon the merits of the question as to the constitutionality of the provision of the Code under which the supreme court proceeded in disposing of the case, when it was before it, or upon the question of the validity of the judgment rendered by the state courts in the case, we are of opinion, for the reasons stated, that the order of the circuit court refusing the application for the writ of habeas corpus was correct, and is accordingly affirmed."

Following the rule laid down in the case just cited, I am compelled to deny the application for the writ asked for by the petitioner. He is not entitled to be set at liberty, because he has not been acquitted of either of the minor offenses charged in the information; and this court has no authority to remand the petitioner to the custody of the state court, with instructions to proceed to try him for such minor offenses. Such direction, however, could be given by the supreme court of the state after a reversal of its judgment by the supreme court of the United States upon a writ of error.

It may be that the petitioner would not be entitled to a writ of error, for the reason that he did not distinctly claim before the supreme court of the state that his conviction deprived him of rights guarantied by the constitution of the United States; but, if so, that fact would not enlarge the remedy, or give to him any greater rights than he would otherwise be entitled to obtain under a writ of habeas corpus.

Ex parte Ulrich, 42 Fed. 587, relied on by the petitioner, is not authority for the discharge of the petitioner. In that case, it appeared that the petitioner therein had been placed in former jeopardy before a jury, and, after trial begun, the jury was discharged, without his consent, and without legal cause therefor. Such discharge of the jury was, in effect, equivalent to a general verdict of not guilty, and therefore operated as an acquittal of the entire charge contained in the indictment; and, for this reason, it was held that the petitioner was entitled to his discharge. It will thus be seen that that case, on its facts, is widely different from this, and the principle of law upon which the decision in that case rests is not applicable here. Application for the writ asked for in the petition is refused.