[Crim. No. 537. In Bank.—November 11, 1899.]

THE PEOPLE, Respondent, v. J. W. ARNETT, Appellant.

CRIMINAL LAW—ASSAULT TO COMMIT MURDER—VERDICT.—Under an indictment or information for an assault with intent to commit murder, which does not charge that the assault was made with a deadly weapon, the defendant cannot be convicted of an assault with a deadly weapon; and the fact that the defendant asked for an erroneous instruction under which the jury doubtless found their verdict makes no difference.

ID.—ASSAULT WITH DEADLY WEAPON—CONSTRUCTION OF VERDICT.—Under such an indictment or information, a verdict finding the defendant guilty of an assault with a deadly weapon cannot be construed as finding the defendant guilty of only a simple assault.

APPEAL from a judgment of the Superior Court of Lassen County and from an order refusing a new trial. F. A. Kelly, Judge.

The facts are stated in the opinion of the court.

E. V. Spencer, and H. D. Burroughs, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

McFARLAND, J.—In the information in this case it was charged that the appellant did feloniously, et cetera, "assault Mrs. Belinda Arnett with intent then and there to murder said Mrs. Belinda Arnett, contrary to the form," et cetera. The

jury ,returned the following verdict: "We, the jury in the above-entitled cause, find the defendant J. W. Arnett guilty of an assault upon the person of Mrs. Belinda Arnett with a deadly weapon." Thereupon the court entered judgment that appellant be imprisoned in the state prison for a term of two years. The appeal is from the judgment and from an order denying the motion for a new trial.

It is well settled that under an indictment or information for an assault with intent to commit murder which does not charge that the assault was made with a deadly weapon, the defendant cannot be convicted of an assault with a deadly weapon. (*People v. Murat*, 45 Cal. 281; *People v. Vanard*, 6 Cal. 562.) These cases have always been followed. *People v. Gordon*, 99 Cal. 227, only holds that a party may be convicted of an assault with a deadly weapon "under an indictment or information charging the greater offense to have been committed with a deadly weapon." The fact that the defendant in the case at bar asked for the erroneous instruction under which the jury no doubt found their verdict makes no difference; for the court had no jurisdiction to try him for any other offense than such as is charged in the indictment or included within it—consent cannot confer jurisdiction. (*People v. Granice*, 50 Cal. 448.)

It has been suggested that the verdict can be construed as finding the appellant guilty of only a simple assault, and that the court below should be instructed to enter judgment upon the verdict as if it was for the crime of simple assault, and affix the punishment accordingly; but we see no ground upon which we can change a verdict for a well-defined crime, which is a felony if imprisonment in the state prison is imposed, into a verdict for a misdemeanor only. In *People v. Vanard, supra,* which is relied on as supporting this suggestion, under an indictment for "an assault with intent to commit murder," the verdict was "guilty of an assault with intent to do bodily injury"; but there was no such crime as an assault "with intent to do bodily injury," and the court could well hold the latter part of the verdict to be mere surplusage. But in the case at bar the jury found the defendant guilty of the very crime declared in section 245 of the Penal Code, and in the language of that section, which makes it a crime to commit "an assault upon the

person of another with a deadly weapon." The verdict, therefore, cannot be held to be anything different from the one which the jury returned, to wit, an assault upon the person of Mrs. Arnett with a deadly weapon; and, as there was no jurisdiction to try the appellant for the crime of which he was found guilty by the verdict, there was, and is, no jurisdiction in the court to enter any judgment upon that verdict.

The judgment and order appealed from are reversed and a new trial is ordered.

Henshaw, J., Harrison, J., and Van Dyke, J., concurred.

GAROUTTE, J., concurring.—I concur in the views and conclusion declared in the main opinion. It is suggested that this court may now declare the verdict to be one of assault. But this is not possible. Such a verdict would be one rendered by this court. The jury declared the defendant guilty of an assault with a deadly weapon—a verdict which was complete and perfect as far as any matter of form is concerned, and this court cannot change it. It would be usurping the functions of a jury to do so. The mere fact that "assault" is an offense included in the offense declared by the verdict in no way changes the legal aspect of the matter. Let us assume that two lower grade offenses were included in the verdict as found by the jury. Which one would this court declare the offense of which defendant was found guilty? The crime of assault is included in the crime of rape. If the verdict in this case had found the defendant guilty of rape, with equal propriety it could now be claimed that this court should declare such a verdict one of assault.