## ARNETT v. SUPERIOR COURT.

### S. F. No. 2224; March 13, 1900.

#### 60 Pac. 534.

**Prohibition.**—Where a Judgment in a Criminal Case was Reversed, and the case remanded for new trial, a writ of prohibition will not issue to prohibit such retrial on the ground that it appeared from the record that the jury before whom defendant was once tried was discharged without a verdict, without his consent and without necessity, and that consequently he had once been in jeopardy, since the remanding of the case for new trial was the final law on appeal, and defendant could make his defense of former jeopardy by plea on the trial.[1]

Petition by one Arnett for writ of prohibition to the superior court to prohibit his retrial on an information charging him with assault with intent to murder. Denied.

E. V. Spencer and H. D. Burroughs for petitioner.

PER CURIAM.—This is an application for a writ of prohibition. The petitioner was tried upon an information charging him with the crime of assault with intent to murder. The jury returned a verdict of guilty of assault with a deadly weapon, and judgment was entered accordingly. On appeal to this court the judgment was reversed upon the ground that the conviction was of an offense not charged in the information, and the cause was remanded for a new trial: 126 Cal. 680, 59 Pac. 204. The superior court has set the cause down for trial, and we are asked to prohibit a retrial upon the ground that it appears from the record that the jury before whom petitioner was once tried was discharged without a verdict, without necessity and without his consent; the result being, as he contends, that he has been once in jeopardy, and the court has no jurisdiction to try him again. But it is the law of the case that he must be tried again, that being the final judgment of this court on the appeal. If he has been once in jeopardy, he must make that defense by plea when the case is retried. Writ denied.

[1] Cited in the note in 111 Am. St. Rep. 935, 952, 957, on the writ of prohibition.