[Crim. No. 6316. Second Dist., Div. Two. Nov. 28, 1958.]

THE PEOPLE, Respondent, v. NORMAN ALEXANDER McCURDY, Appellant.

MacBeth & Ford, Norman MacBeth, Patrick H. Ford and Scott Raymond for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant was accused in count I of the information of an assault with intent to commit murder (Pen. Code, § 217) and in count II he was charged with burglary in that he entered a building with intent to commit assault with intent to commit murder, a felony (Pen. Code, § 459.) On November 21, 1957, after a nonjury trial, appellant was found guilty of assault with a deadly weapon (Pen. Code, § 245) on the theory that this was a lesser offense necessarily included within the charge of count I. Appellant applied for probation and further proceedings were continued to January 3, 1958. On the latter date the court ordered "proceedings suspended" on count I, granted probation on specified conditions and dismissed count II "in the interests of justice."

Thereafter the probation officer reported that on January 14, 1958, appellant had violated the terms of his probation. After a hearing on April 18, 1958, probation was revoked and appellant was sentenced to state prison for the crime of assault with a deadly weapon, a felony, "a lesser offense than that charged in count I of the information and necessarily included therein . . ."

On April 22, 1958, appellant filed his notice of appeal ". . . from the Judgment and Sentence in above case, from the Order of April 18, 1958, revoking probation, and from any and all other orders made on April 18, 1958, in the above matter." The record consists of the clerk's transcript, and a reporter's transcript which includes nothing other than the oral proceedings on the hearing of April 18, 1958, when probation was revoked and sentence pronounced. No record of the oral proceedings at the trial is presented.

The sole question posed by appellant is whether an information charging an assault with intent to commit murder under Penal Code, section 217[1], will support a conviction under

---

[1]Sec. 217: "*Assault with intent to murder; punishment.* Every person who assaults another with intent to commit murder, is punishable by imprisonment in the State Prison not less than one nor more than fourteen years." (West's Cal. Pen. Code.)

Penal Code, section 245[2], on the theory that the crime defined in the latter section is a lesser offense necessarily included within the former as charged.

██ "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512] ; *In re Hess,* 45 Cal.2d 171, 174 [288 P.2d 5] ; *People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416].)

██ The language of the accusatory pleading furnishes the standard by which to determine what offenses are "necessarily included" in the offense charged within the meaning of section 1159 of the Penal Code. (*People* v. *Marshall,* 48 Cal.2d 394, 405 [309 P.2d 456].)

██ In applying the foregoing tests to the case at bar, it should be noted that the pertinent language of the instant information is as follows: "The said NORMAN ALEXANDER McCURDY is accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of ASSAULT WITH INTENT TO COMMIT MURDER in violation of section 217, Penal Code of the State of California, a felony, committed as follows: That the said NORMAN ALEXANDER McCURDY on or about the 4th day of September, 1957, at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously and with malice aforethought, assault Giles B. St. Clair, a human being, with intent to commit murder."

We hold that by every reasonable intendment the quoted language charging the commission of an assault with intent to commit murder necessarily implies the employment of a deadly instrumentality or a "means of force likely to produce great bodily injury" so that such language, of necessity, charges a violation of section 245 of the Penal Code. It would seem unrealistic to deny that a charge of attempted murder implies the employment of a means likely to produce great bodily injury.

Emphasizing the fact that the information in this case

---

[2]Sec. 245: "*Assault with deadly weapon or force likely to produce great bodily injury; punishment.* Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the State prison not exceeding ten years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment." (West's Cal. Pen. Code.)

contains no allegation that he had used a deadly weapon, appellant cites as cases directly in point *People* v. *Murat* (1873), 45 Cal. 281, in which a conviction for assault with a deadly weapon was reversed where the indictment charged an assault with the intent to commit murder making no mention of the use of a "deadly weapon" and *People* v. *Arnett* (1899), 126 Cal. 680 [59 P. 204], in which there was a reversal for the same reason.

But we are in accord with respondent's contention that such pre-1927 decisions as *People* v. *Murat, supra,* and *People* v. *Arnett, supra,* are no longer controlling.[3] As stated in *People* v. *Beesly,* 119 Cal.App. 82, 84 [6 P.2d 114, 970] : "The sufficiency of an indictment or information is not to be tested by the rule of the common law nor by the rules which existed prior to the amendments of 1927 and 1929 of our statutes relating to pleading in criminal cases. The true rule can be determined only by a consideration of all of the statutes affecting the subject as they exist since those amendments. The purpose of an indictment or information is to inform the accused of the charge which he must meet at the trial. At common law, where this information came solely from the indictment, much particularity was required. . . . [at p. 84] As a part of the accusatory procedure the law now provides that in every case the accused is entitled to a copy of the testimony given before the grand jury or the committing magistrate, as the case may be (Pen. Code, §§ 870, 925), and he is today better informed as to the case he must meet than was an accused under the detailed form of pleading required at common law. . . . [at p. 85] Section 952, which formerly required the pleading to set forth the particular circumstances of the offense charged, as amended, declares that it shall be sufficient if it be 'in any words sufficient to give the accused notice of the offense of which he is accused.' There, in a nutshell, is stated the principle of our present simplified form of pleading a criminal offense—the accused is entitled to notice of the offense of which he is charged but not to the particular circumstances thereof, such details being

[3]In a footnote to the decision in *People* v. *Marshall,* 48 Cal.2d 394, at page 399 [309 P.2d 456], Mr. Justice Schauer succinctly illustrates the effect of 1927 legislation "liberalizing" the rules of criminal pleading. (*People* v. *Beesly* (1931), 119 Cal.App. 82 [6 P.2d 114, 970], is quoted with approval and attention is called to Penal Code sections 870 and 925 which require that the defendant be furnished with a copy of the transcript of the testimony upon which the indictment or information is founded.

furnished him by the transcript of the testimony upon which the indictment or information is founded [at pages 85-86]."

Section 245 of the Penal Code provides for the punishment of "an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury. . . ." To argue that a charge of the most aggravated of all assaults, to wit, assault with intent to commit murder, does not embrace the lesser offense defined in section 245 is to argue that an assault with intent to commit murder does not necessarily involve the use of a deadly instrumentality or a "*means of force likely to produce great bodily injury.*" To sustain such a contention would be to sacrifice substance and common sense upon the altar of technicality and would involve reversion to outmoded and archaic concepts of pleading in criminal cases.

Respondent has cited a group of seven pre-1927 decisions in which indictments or informations charging assault with intent to commit murder were held sufficient to support convictions of assault with a deadly weapon where either the character of the instrumentality used or the fact of the use of a "deadly weapon" was alleged. (*People* v. *Turner,* 65 Cal. 540, 542 [4 P. 553] ; *People* v. *Pape,* 66 Cal. 366, 367 [5 P. 621] ; *People* v. *Bentley,* 75 Cal. 407, 410 [17 P. 436] ; *People* v. *Gordon,* 99 Cal. 227, 229 [33 P. 901] ; *People* v. *Arnold,* 116 Cal. 682, 685 [48 P. 803] ; *People* v. *Romero,* 143 Cal. 458 [77 P. 163] ; *People* v. *Craig,* 152 Cal. 42, 44 [91 P. 997].) There is merit in respondent's argument that in the foregoing group of decisions there is recognition of the substantive principle that assault with intent to commit murder necessarily includes the class of assaults punishable under section 245. Thus, in the final analysis, an allegation as to the instrumentality or the type of force used is of no practical importance other than to inform the defendant of the "particular circumstances of the offense charged," that is to say, to indicate the *means* by which the alleged offense was committed.

But, as stated in *People* v. *Roberts,* 40 Cal.2d 483, at page 486 [254 P.2d 501] : "It is only required that the pleading be 'in any words sufficient to give the accused notice of the offense of which he is accused.' (Pen. Code, § 952.) Notice of the particular circumstances of the offense is given not by detailed pleading but by the transcript of the evidence before the committing magistrate (or the grand jury) ; defendant is entitled to such transcript under

section 870 (or section 925) of the Penal Code.'' (See also *People* v. *Marshall*, 48 Cal.2d 394, 399, n. 5 [309 P.2d 456] ; *People* v. *Randazzo*, 48 Cal.2d 484, 489 [310 P.2d 413] ; *People* v. *Massey*, 151 Cal.App.2d 623, 648 [312 P.2d 365] ; *People* v. *Barry*, 153 Cal.App.2d 193, 202 [314 P.2d 531] ; *People* v. *Pierce*, 14 Cal.2d 639, 646 [96 P.2d 784].) Moreover, it is provided in Penal Code, section 960 : ''No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits.''

It is elementary that an appellant must not only show error but must also show that such error prejudiced his substantial rights and militated against his receiving a fair trial.

In the instant case appellant has made no showing that his defense was in any way prejudiced by the form of the information. There being no reporter's transcript of the trial, it does not appear that appellant raised any question concerning the sufficiency of the information either during the trial, or at the time when he was found guilty, or at the time he sought and was granted probation, or at any other time in the trial court. On appeal all intendments are in favor of the regularity of the judgment and the proceedings of the court below. The burden is upon the appellant affirmatively to show prejudicial error.

Respondent strongly argues that appellant is estopped to assert the error which he now advances as the ground of reversal by his failure to raise the matter in the trial court, by his acceptance of the benefits of the orders granting probation and dismissing the burglary charge, and by his failure to appeal from the order granting probation, which is ''deemed to be a final judgment'' within the meaning of section 1237 of the Penal Code. Our disposition of appellant's assignment of error on its merits renders it unnecessary for us to consider this latter contention.

The order revoking probation was an integral part of the judgment which was pronounced on April 18, 1958. Therefore, said order is reviewable on the appeal from the judgment and is not separately appealable. (*People* v. *Robinson,* 43 Cal.2d 143, 145-146 [271 P.2d 872].) The purported appeal ''from any and all other orders made on April 18, 1958'' is ineffective because it does not sufficiently identify any ''specified'' order as required by rule 31 of the Rules on Appeal.

Moreover, the record contains no other order made on April 18, 1958.

Accordingly, the purported appeals from the sentence, from the order revoking probation and from the other unspecified orders are dismissed and the judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.