FILED
United States Court of Appeals
Tenth Circuit

March 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 09-3075 |
|  | (D.Ct. No. 2:03-CR-20185-KHV-JPO-1) |
| MICHAEL HOOKS, | (D. Kan.) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.



After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.



The district court found Defendant-Appellant Michael Hooks violated the

conditions of his three-year term of supervised release and sentenced him to

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

twenty-four months imprisonment and another three-year term of supervised release. Mr. Hooks appeals the revocation of his supervised release and imposition of additional imprisonment and supervised release; however, his attorney has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On June 14, 2004, Mr. Hooks pled guilty to possession with intent to distribute more than five grams of cocaine base within 1,000 feet of the real property of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). The district court originally entered a sentence of seventy months imprisonment and a three-year term of supervised release but later, based on the government's Rule 35 motion, amended Mr. Hooks's sentence to only fifty-seven months imprisonment. On February 1, 2008, Mr. Hooks was released and began serving his three years of supervised release. Thereafter, the United States Probation Office for the District of Kansas alleged Mr. Hooks violated certain conditions of his supervised release, which included his: (1) failure to refrain from committing another federal, state, or local crime; (2) failure to participate in an approved program for substance abuse; (3) failure to truthfully answer all inquiries from the probation office; (4) failure to maintain employment; (5)

-2-

failure to timely notify the probation officer of his change of residence; (6) possession, use, or distribution of controlled substances; (7) frequenting places where controlled substances are illegally sold; and (8) associating with persons engaged in criminal activity. Mr. Hooks conceded to violating four conditions, including his failure to truthfully answer all inquiries from the probation office; maintain employment; timely notify the probation officer of his change of residence; and participate in an approved program for substance abuse.

In turn, the government presented evidence on the remaining violations, including failing to refrain from committing another federal, state, or local crime; possessing, using, or distributing controlled substances; frequenting places where controlled substances are illegally sold; and associating with any persons engaged in criminal activity. The evidence included law enforcement testimony that trash pulls of two residences resulted in discovery of documents connecting Mr. Hooks with those residences; multiple corners of plastic bags commonly used to package narcotics; and marijuana in the form of stems and seeds, as confirmed through lab analysis. A later search of one of the residences resulted in discovery of a bag containing 7.4 grams of powder cocaine. In addition, law enforcement officers detained Mr. Hooks, who possessed two cell phones, including one with a text message indicating a drug sale of $40 worth of crack cocaine. In addition, a defendant in an unrelated drug conspiracy testified he purchased drugs from Mr.

Hooks on multiple occasions after Mr. Hooks's release from federal custody.

Based on Mr. Hooks's concessions and the government's evidence, the district court found Mr. Hooks in violation of the conditions of his supervised release. In revoking Mr. Hooks's supervised release, the district court found Mr. Hooks had committed an underlying crime ranking as a Grade A violation, which, together with his criminal history category of IV, resulted in a recommended United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of thirty-seven to forty-six months imprisonment. In proposing a twenty-four-month sentence, the district court stated it took "into account the nonbinding Chapter 7 policy statements" and "believe[d] that the sentence would reflect the seriousness of [Mr. Hooks's] violations[,] especially the fact that [he] violated the law by possessing the illegal substances and distributing them while on supervised release." It also noted Mr. Hooks had been "less than compliant with the other components of supervision including working in a lawful occupation, notifying the Probation Office about changes in [his] residence or employment, truthfully responding to inquiries and instruction from the Probation Office, and generally getting with the program." Based on the conceded and other established violations, the district court revoked his supervised release and sentenced him to a below-Guidelines-range sentence of twenty-four months imprisonment and three years supervised release.

After Mr. Hooks filed a timely notice of appeal, his appointed counsel, who also represented him at the revocation hearing, filed an *Anders* appeal brief explaining that, after a careful examination of the record on appeal and applicable law, the appeal contained no legally non-frivolous issues, and the district court's ruling on revocation of Mr. Hooks's supervised release and modification of his sentence was "unassailable on appeal." *See Anders*, 386 U.S. at 744. In support, counsel pointed to Mr. Hooks's admission to four of the violations and the government's provision of sufficient evidence to support a finding he violated the remaining conditions. Counsel also explained that after revocation, the district court imposed a below-Guidelines-range sentence entitled to a rebuttable presumption of reasonableness.

Pursuant to *Anders,* this court gave Mr. Hooks an opportunity to respond to his counsel's *Anders* brief. *See id.* Mr. Hooks failed to file such a response. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Tsosie*, 376 F.3d

1210, 1217-18 (10th Cir. 2004). We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation marks and citation omitted).

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, "when a person violates the condition of his or her supervised release, the district court may revoke the term of supervised release and impose prison time." *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); *see also* 18 U.S.C. § 3583(e)(3); Fed. R. Crim. P. 32.1(b). In imposing a sentence following revocation of supervised release, the district court is required to consider both the Guidelines Chapter7 policy statements as well as factors provided in 18 U.S.C. § 3553(a).[1] *See United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). The Chapter 7 policy statements apply to violations of probation and supervised

---

[1] The 18 U.S.C. § 3553(a) sentencing factors include:

> The nature and circumstances of the offense, *the history and characteristics of the defendant*; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*Cordova,* 461 F.3d at 1188-89 (quoting *Contreras-Martinez*, 409 F.3d at 1242 n.3) (emphasis added).

-6-

release and include advisory guideline ranges for sentences following revocation of supervised release. *See generally* U.S.S.G. Ch. 7 and §§ 7B1.3 and 7B1.4. Under Chapter 7 of the Guidelines, revocation of supervised release is considered appropriate for a defendant who violates the conditions of his supervision. *See* U.S.S.G. § 7B1.3(a)(1) and (2). We have said that in revocation proceedings, "[t]he very language of [18 U.S.C. § 3553] instructs the sentencing court to consider the defendant's 'history and characteristics.'" *United States v. Hahn*, 551 F.3d 977, 985 (10th Cir. 2008) (quoting 18 U.S.C. § 3553(a)(1)), *cert. denied*, 129 S. Ct. 1687 (2009). However, "[t]he sentencing court ... is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Cordova*, 461 F.3d at 1189 (quotation marks and citation omitted). Instead, the district court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

In this case, the record establishes Mr. Hooks admitted to violating at least four of the conditions of his supervised release and the government provided sufficient evidence to support the other alleged violations, resulting in multiple

violations.  In addition, the district court provided its reasons for revoking Mr. Hooks's supervised release, and we are satisfied it considered the parties' arguments, the applicable advisory Guidelines, and the § 3553(a) sentencing factors, including Mr. Hooks's history and characteristics, when it considered his history of non-compliance with the terms of his supervised release and the seriousness of his violations.  Under the circumstances presented, we conclude the district court's revocation of Mr. Hooks's three-year term of supervised release and imposition of a twenty-four-month term of imprisonment and another three-year term of supervised release were both "reasoned and reasonable," especially in light of the fact Mr. Hooks has not offered any additional nonfrivolous reason warranting a lower sentence.

III.  Conclusion

For these reasons, no meritorious appellate issue exists.  Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Hooks's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge