**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TREMALE ODALE HENRY,

      Defendant - Appellant.

No. 15-6181

---

**ORDER**

---

Before **PHILLIPS** and **BALDOCK,** Circuit Judges.[*]

---

This matter is before us on the Petition for Panel Rehearing filed by the

appellee. We also have a response from the appellant. Upon careful consideration

---

[*] The Honorable Neil Gorsuch considered this appeal originally and authored our opinion issued October 25, 2016. Judge Gorsuch did not, however, participate in the issuance of this order on the appellee's petition for panel rehearing. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appellee's petition for panel rehearing. <u>See</u> 28 U.S.C. § 46(d); <u>see also</u> <u>United States v. Wiles</u>, 106 F.3d 1516, 1516, n* (10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum to resolve an appeal); <u>Murray v. National Broadcasting Co.</u>, 35 F.3d 45, 48 (2nd Cir. 1994), <u>cert.</u> <u>denied</u>, 513 U.S. 1082 (1995) (remaining two judges of original three judge panel may decide petition for rehearing without third judge).

of the petition and the response, the appellee's request for panel rehearing is

granted, but solely for the purposes of adding the following footnote to the last

sentence of the opinion issued on October 25, 2016.

> In a petition for panel rehearing filed after we issued our decision, the government attempts yet another harmless error argument. Here the government accepts that the district court erred in finding a second independent probation violation at the (so-called) "guilt" phase of the revocation proceedings without first engaging the *Jones* test. But it claims this error was harmless because the district court would have been free under *United States v. Ruby*, 706 F.3d 1221, 1226 (10th Cir. 2013), to consider hearsay evidence about any "bad acts" of any sort at the "sentencing" phase of its revocation proceedings without addressing the *Jones* test. However that may be, though, this particular argument never found its way to us until the petition for panel rehearing so it has been forfeited. *United States v. Charley*, 189 F.3d 1251, 1264 n.16 (10th Cir. 1999)). Further and even on its own terms, the argument doesn't quite satisfy. For even if the district court could have considered hearsay evidence about the second assault at the "sentencing phase" without first engaging the *Jones* test, that's not what happened here. The district court used the second assault to find a second independent supervised release violation at the "guilt" phase of the revocation proceedings. And short of speculation we just cannot be sure what impact the district court's finding of a second and independent probation violation at the "guilt" phase had on its "sentencing" decision. Maybe in the district judge's mind nothing turned on whether the evidence surrounding the assault formally amounted to a second, independent violation instead of just more "bad acts"; but maybe it did. After all, district courts not infrequently cite the existence of multiple, independent supervised release violations (not just the "bad acts" underlying them) as factors influencing their sentencing decisions. *See, e.g.*, *United States v. Fulton*, 567 F. App'x 668, 673 (10th Cir. 2014); *United States v. Keller*, 372 F. App'x 883, 889 (10th Cir. 2010); *United States v. Hooks*, 368 F. App'x 885, 888 (10th Cir. 2010). Neither is harmless error doctrine license for rank speculation. When it comes to the loss of liberty, it is better to know on remand than guess on appeal.

The Clerk of Court is directed to (1) add the foregoing footnote to the end of the last sentence of our October 25, 2016 opinion; and (2) reissue that opinion as of the date of this order.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk