**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Tommie BELL, Defendant-Appellant.**

**No. 74-1410.**

United States Court of Appeals, Seventh Circuit.

Heard Sept. 11, 1974.

Decided Nov. 11, 1974.

Certiorari Denied March 3, 1975. See 95 S.Ct. 1357.

Richard F. Walsh, Federal Defender Program, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman and Donald G. Newman, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, SPRECHER and TONE, Circuit Judges.

TONE, Circuit Judge.

The defendant Tommie Bell was convicted in a bench trial of assault with intent to commit rape at a place within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a). On appeal he raises only one question, *viz.*, whether it is necessary to the offense of assault that the victim have a reasonable apprehension of bodily harm. We answer this question in the negative and affirm the conviction.

It is conceded that while defendant was a patient in the detoxification ward for alcoholic and drug addiction patients

in the Veterans Administration Hospital, Downey, Illinois, he attempted to rape a female geriatric patient. It is also undisputed that the victim was suffering from a mental disease which made her unable to comprehend what was going on. Defendant's only asserted defense in the trial court and here is that, because the victim was incapable of forming a reasonable apprehension of bodily harm, there was no assault.

Defendant's contention is squarely contradicted by this court's statement in United States v. Rizzo, 409 F.2d 400, 403 (7th Cir. 1969), cert. denied, 396 U.S. 911, 90 S.Ct. 226, 24 L. Ed.2d 187 (1969). There, in sustaining a jury instruction defining assault (taken from W. Mathes and E. Devitt, Federal Jury Practice and Instructions § 43.07 (1965)), the court recognized that there are two concepts of assault in criminal law, the first being an attempt to commit a battery and the second an act putting another in reasonable apprehension of bodily harm. While the second concept was applicable in that case, the court, said with respect to the first:

> "There may be an attempt to commit a battery, and hence an assault, under circumstances where the intended victim is unaware of danger. Apprehension on the part of the victim is not an essential element of that type of assault." (Footnotes omitted.)

We adhere to that statement of the law. When a federal criminal statute uses a common law term without defining it, the term is given its common law meaning. United States v. Turley, 352 U.S. 407, 411, 77 S.Ct. 397, 1 L.Ed. 2d 430 (1957); Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952). A criminal assault at common law was originally an attempt to commit a battery. 1 W. Hawkins, Pleas of the Crown c. 62, § 1 (6th ed. 1788) states:

> "It seems that an assault is an attempt or offer, with force and violence, to do a corporal hurt to another. . . . [E]very battery includes an assault. . . ."

See also 3 S. Greenleaf, Evidence § 59 (16th ed. Harriman 1899); R. Perkins, Criminal Law 114 et seq. (2d ed. 1969). This is the definition given the term in the federal cases. United States v. Hand, 26 Fed.Cas. 103, 104 (No. 15,297) (C.C.D.Pa.1810); Anderson v. Crawford, 265 F. 504, 507 (8th Cir. 1920). The second concept of assault referred to in Rizzo, an act putting another in reasonable apprehension of bodily harm, originated in the law of torts. R. Perkins, id. at 114. Most jurisdictions recognize both concepts of criminal assault. R. Perkins, id. at 116–117; W. LaFave and A. Scott, Criminal Law § 82 (1972); 2 W. Burdick, Law of Crime § 338 et seq. (1946); 1 F. Wharton, Criminal Law § 799 et seq. (12th ed. 1932); J. Miller, Criminal Law § 98 et seq. (1934); W. Clark and W. Marshall, Law of Crimes § 10.15 (6th ed. 1958); 3 H. Underhill, Criminal Evidence § 684 et seq. (5th ed. 1957).

The notion that a reasonable apprehension on the part of the victim is an essential element of criminal assault probably originated with Bishop, who confused the two concepts in a single definition of the offense and included the element of creating a reasonable apprehension of immediate physical injury in that definition. 2 J. Bishop, Criminal Law § 23 (9th ed. 1923). Bishop, whose definition has been criticized as not supported by the cases, J. May, Criminal Law § 148, at 247 n. 1 (4th ed. 1838), and Note, The Misuse of the Tort Definition of Assault in a Criminal Action, 11 Rocky Mt.L.Rev. 104, 105 (1939), seems to be the only authority who defines reasonable apprehension as a necessary element of the offense. The other commentators referred to above and the many cases they cite show that the two separate types of assault, attempted battery and putting the victim in reasonable apprehension, have been generally recognized.* Bishop's defini-

---

* By statute in Illinois assault is defined as the reasonable-apprehension offense (Ill. Rev.Stat., Ch. 38, § 12–1 (1973)) and the attempted-battery offense is covered by the

tion was discussed and rejected in Commonwealth v. Slaney, 345 Mass. 135, 185 N.E.2d 919, 922–923 (1962) (cited in *Rizzo,* 409 F.2d at 403 n. 4), which applies the original common law definition of assault, that of attempted battery, and holds that apprehension is unnecessary.

Since an attempted battery is an assault, it is irrelevant that the victim is incapable of forming a reasonable. apprehension. Occasions for so holding seem rarely to have been presented. Alderson, B., in The Queen v. Camplin, 1 Cox C.C. 220, 221 (1845), reports that there was such a case in his experience. Regina v. March, 1 Car. & K. 496 (1844), was a conviction for assault against a newborn infant. There are many statements to the effect that an attempt upon an unconscious or otherwise insensitive victim is an assault, both in the cases, *e. g.,* People v. Lilley, 43 Mich. 521, 5 N.W. 982, 985 (1880); People v. Pape, 66 Cal. 366, 5 P. 621 (1885); Ross v. State, 16 Wyo. 285, 93 P. 299, 303 (1908); Woods v. State, 14 Md.App. 627, 288 A.2d 215, 216 (1972), and in the treatises, *e. g.,* W. LaFave and A. Scott, *supra* § 82 at 610; 2 W. Burdick, *supra* § 339 at 3; 1 F. Wharton, *supra* § 809 at 1104.

The defendant relies upon the Court's statement in Ladner v. United States, 358 U.S. 169, 177, 79 S.Ct. 209, 213, 3 L.Ed.2d 199 (1959), that "an assault is ordinarily held to be committed merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is capable of inflicting that harm." The quoted words do not indicate that the Court was undertaking to define the offense of assault. Moreover, it is apparent from the context that this was not the Court's intention. The question to be decided was

whether the firing of a single shot at two federal officers was one assault or two under 18 U.S.C. § 254, now 18 U.S. C. § 111. In holding that a single offense was committed the Court reasoned that, since an assault can be committed merely by putting another in apprehension of harm, a holding that pointing a gun at five officers, putting all of them in apprehension of harm, constituted five assaults would subject the actor to a penalty five times as great as the penalty for shooting and seriously wounding a single officer. Finally, the authorities cited by the Court in support of the quoted statement all specifically recognize the two concepts of assault described in the *Rizzo* case. See 2 W. Burdick, Law of Crime §§ 340, 341, 342 (1946); J. Clark and J. Marshall, Law of Crimes §§ 10.15, 10.16 (1958); J. Miller, Criminal Law §§ 98, 99 (1934). The first cited, Burdick, expressly states:

"Moreover, it is not always necessary that the unlawful attempt should create in the person assaulted 'a reasonable apprehension of immediate bodily harm', because an assault may be committed upon a person without his knowledge of it as in case of an assault upon· an unconscious sleeping person, or even upon an infant just born. The rule in a civil action that apprehension of harm is usually required has no sound foundation in the criminal law of assaults." (Footnotes omitted.) 2 W. Burdick, *supra* § 339 at 3–4.

Defendant's attempt to rape an insensitive victim was an assault under 18 U. S.C. § 113(a). His conviction is affirmed.

Affirmed.

general attempt section (*id.* § 8–4). A similar approach is adopted in the proposed bill to revise the Federal Criminal Code. See Revised Committee Print of Amended S. 1, 93d Cong., 2d Sess., §§ 1001, 1613, 1614 (Oct. 15, 1974). In the statutes of other states assault is defined as an attempted battery, but most state statutes, like the federal, do not define the term assault. See

Comments to § 201.10, ALI, Model Penal Code, Tentative Draft No. 9, p. 83 (1959). Appendix H to the Comments lists and classifies the state statutes. *Id.* at 141. ALI, Proposed Official Draft of the Model Penal Code (1962), p. 134, with some refinements not relevant here, recognizes both the attempted-battery and reasonable-apprehension types of assault as offenses.