**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose CALDERON, Defendant-Appellant.**

**No. 80–2287.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 15, 1981.

Decided Aug. 7, 1981.

Rehearing Denied Sept. 3, 1981.

Walter L. Gerash of Gerash & Robinson, P. C., Denver, Colo., for defendant-appellant.

Carole C. Dominguin, Asst. U. S. Atty., Denver, Colo. (with Joseph Dolan, U. S.

Atty., Denver, Colo., on brief), for plaintiff-appellee.

Before McKAY and LOGAN, Circuit Judges, and BROWN, District Judge.*

McKAY, Circuit Judge.

On August 5, 1980, defendant gained entrance to the National Governors' Conference in Denver, Colorado, under an assumed name. Congressman John Anderson was a scheduled speaker at the conference. During Anderson's address, defendant stepped forward from the audience, identified himself, and threw two raw eggs in the direction of the Congressman announcing, "Mr. Anderson, you are the bringer of the Third World War."

Defendant was apprehended by government agents and escorted out of the conference room. Congressman Anderson was not hit and continued with his speech immediately after the incident.

After a jury trial in the district court, defendant was convicted on one count of assault upon a member of Congress under 18 U.S.C. § 351(e) and sentenced to a thirty-day term of imprisonment. This appeal followed.

Congressional assassination, kidnaping, and assault are federal offenses under 18 U.S.C. § 351. Subsection (e) of the statute specifies:

> Whoever assaults any person designated in subsection (a) of this section shall be fined not more than $5,000, or imprisoned not more than 1 year, or both; and if personal injury results, shall be fined not more than $10,000, or imprisoned for not more than 10 years, or both.

 Defendant argues that Congress intended § 351(e) to punish only those who attempt to commit a battery on a congressman. Under this limited view of assault, it is argued that the trial court's instructions inadequately informed the jury of the federal criminal standard for assault and that defendant's conviction should be reversed.

Section 351(e) does not define the term "assault." Faced with a similar lack of definition for "assault" in 18 U.S.C. § 113(a), the court in *United States v. Bell*, 505 F.2d 539 (7th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1357, 43 L.Ed.2d 442 (1975), recognized that "where a federal criminal statute uses a common-law term of established meaning . without otherwise defining it, the general practice is to give that term its common-law meaning." *United States v. Turley*, 352 U.S. 407, 411, 77 S.Ct. 397, 399, 1 L.Ed.2d 430 (1957). The court in *Bell* found that "there are two concepts of assault in criminal law, the first being an attempt to commit a battery [the exclusive concept urged by defendant here] and the second an act putting another in reasonable apprehension of bodily harm. . . . Most jurisdictions recognize both concepts of criminal assault." 505 F.2d at 540. *See United States v. Dupree*, 544 F.2d 1050, 1051–52 (9th Cir. 1976); R. Perkins, *Criminal Law* 114–22 (2d ed. 1969).

The trial court instructed the jury that

> [a]ny willful attempt to [sic] threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, or any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an assault.

Record, vol. 4, at 258. This instruction adequately informed the jury of the two concepts of criminal assault. Substantial evidence supports defendant's conviction under either concept.

Defendant also argues that § 351(e) is only intended to protect congressmen and that at the time of the assault, John Anderson was acting as a presidential candidate unprotected by § 351(e). The plain language of § 351(e) specifies that the statute is applicable to assaults against members of Congress. If a person is in the process of serving a term in Congress, as was Anderson, he is protected by this statute whether or not he is performing any specific congressional function at the time of the assault.

---

* Of the United States District Court for the District of Kansas, sitting by designation.

Defendant attacks the constitutionality of the statute as a denial of equal protection and due process. He first contends that the Constitution does not empower Congress to pass special legislation which protects only members of Congress from violent or nonviolent acts.

It is well settled that absent peculiar disadvantage to a suspect class or interference with the exercise of a fundamental right, a statutory classification is not a violation of equal protection unless it lacks a rational basis. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Martin v. Bergland*, 639 F.2d 647, 649–51 (10th Cir. 1981). Members of Congress are highly visible and frequently controversial. Singling them out for special protection is eminently rational.

Defendant also attacks his prosecution as a violation of his first amendment rights to free speech. He argues that the throwing of the eggs coupled with the political statement made at that time merely amounted to an act of protected symbolic speech.

Even if meant only to punctuate the communication of a protest, hurling missiles at a speaker is not under any circumstances worthy of inclusion under the protection afforded symbolic speech no matter how entangled with forms of protected speech. Neither in the form charged nor in the form submitted to the jury was the defendant charged for his speech. He was purely and simply charged and convicted of assaulting a congressman. In this case the government has a substantial interest in protecting members of Congress from physical attack. The government's interest is clearly unrelated to the suppression of free speech. The restriction here is no greater than is essential to the furtherance of that interest.

Defendant additionally argues that § 351(e) is unconstitutionally vague and overbroad. Here the criminal statute is constitutionally definite since it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. *United States v. Bishop*, 555 F.2d 771, 774 (10th Cir. 1977).

Defendant's additional constitutional attacks are without merit as are the other miscellaneous issues raised. Accordingly, defendant's conviction is affirmed.