**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

OSAYUWAME BAZUAYE,

    Defendant-Appellant.

Nos. 13-3133 & 13-3188

(D.C. Nos. 6:12-CR-10019-MLB-1 &
6:12-CR-10248-EFM-1)
(D. Kan.)
_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH, BALDOCK,** and **BACHARACH,** Circuit Judges.[**]
_____

A jury convicted Defendant Osayuwame Bazuaye in case number 6:12-CR-10248-EFM-1 of threatening to assault an immediate family member of a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(A). Defendant was on supervised release for a prior offense in case number 6:12-CR-10019-MLB-1 at the time. The district court revoked Defendant's supervised release in case number 10019 based on this § 115(a)(1)(A) conviction. The court imposed a 60-month sentence for his § 115(a)(1)(A) conviction in case number 10248, and a consecutive 24-month supervised

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1. The case therefore is ordered submitted without oral argument.

release revocation sentence in case number 10019. These two cases have been consolidated on appeal (case nos. 13-3133 & 13-3188), where Defendant now challenges the validity of his § 115(a)(1)(A) conviction and resulting sentences. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C § 3742, we affirm Defendant's § 115(a)(1)(A) conviction and resulting revocation sentence. But because the district court in case number 10248 committed procedural error when calculating Defendant's applicable guideline range for violating § 115(a)(1)(A) we reverse and remand that portion of Defendant's sentence back to the district court for resentencing.

## I.

On April 18, 2012, a jury convicted Defendant, a Nigerian citizen, of two charges: (1) being an alien in possession of a firearm and (2) being an alien in possession of ammunition. Both are violations of 18 U.S.C. § 922(g)(5). On July 9, 2012, Defendant was sentenced to time served and two years of supervised release. Upon release, Defendant was remanded to the custody of Immigration and Customs Enforcement ("ICE"). While in ICE custody, Defendant was placed in a Special Management Unit, *i.e.*, an isolated cell. On October 29, 2012, Defendant asked to see ICE Officer Thompson, whom Defendant believed was responsible for placing him in the isolated cell. Defendant asked Officer Thompson multiple times to move him from this cell. When these requests failed, Defendant repeatedly told Officer Thompson that he was "going to f**k [Officer Thompson's] wife." Officer Thompson responded he was not married (in fact he is married with three daughters and one son). Defendant then repeatedly stated, "I'm going to f**k your daughter," while making sexual penetration

gestures with his hands. Another officer who was present testified that Defendant told Officer Thompson, "As soon as I get out, I'm going to . . . come f\*\*k you up or f\*\*k your wife, your child [sic]." Defendant was then charged with threatening to assault an immediate family member of a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(A). A jury convicted Defendant of this offense on May 1, 2013, in case number 10248.

On May 13, 2013, the district court held a supervised release revocation hearing in case number 10019. Defendant did not admit to violating the terms of his release, but stated the court could take judicial notice of his § 115(a)(1)(A) conviction. The court did so and revoked Defendant's supervised release on that basis. The Guideline policy statements recommended a revocation sentence of 4 to 10 months for each § 922(g)(5) conviction, to run consecutive to any sentence imposed for Defendant's § 115(a)(1)(A) offense. See U.S.S.G. 7B1.4(a). But the court varied upward and imposed a 24-month sentence, to run consecutive to Defendant's sentence for violating § 115(a)(1)(A).

On July 19, 2013, the court sentenced Defendant for his § 115(a)(1)(A) offense in case number 10248. At this sentencing hearing, the court applied a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Based on this enhancement, the court found an offense level of 20 and a criminal history category of III, yielding a guideline-recommended sentence of 41 to 51 months. The court, however, varied upward and imposed a 60-month sentence. In total, the court sentenced Defendant to 84 months imprisonment.

II.

A.

Defendant first argues the trial evidence in case number 10248 was insufficient to prove a particular element of his § 115(a)(1)(A) violation—that is, that he threatened "to assault" anyone.[1]  "We review the record for sufficiency of the evidence de novo.  In so doing, we view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty of the crime beyond a reasonable doubt."  United States v. Visinaiz, 428 F.3d 1300, 1306 (10th Cir. 2005) (internal marks and citations omitted).  "We may reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Ramos-Arenas, 596 F.3d 783, 786 (10th Cir. 2010) (citations omitted).

The Defendant requested, and the court adopted, the following definition of assault for purposes of its jury instructions in this case: "Assault is committed by either [1] a willful attempt to inflict injury upon the person of another, or [2] by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm."[2]  Defendant argues

_____

[1]  18 U.S.C. § 115(a)(1)(A) criminalizes, among other things, "threaten[ing] to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, [or] a Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties . . . ."

[2]  We are not persuaded by the Government's attempt to construe this as a case of invited error.  Defendant does not challenge the language of the jury instructions he requested;

his threat-to-assault conviction cannot stand under the first definition of assault because he did not threaten to *attempt* to "f\*\*k" Officer Thompson's wife and daughter; rather, he threatened to *actually do it*. He also argues his conviction cannot stand under the second definition of assault because he lacked an apparent present ability to carry out his threat.

A reasonable jury could find Defendant threatened to commit an assault under either of the above definitions. Defendant apparently fails to understand that he was convicted of making a *threat* to assault, not actually committing an assault. He believes "a finding of an assault is an element" of his crime. Def's Op. Br. at 14. He is wrong. "[T]he key point is whether the defendant intentionally communicated the threat, *not whether he intended or had the capability to carry it out*." United States v. Martin, 163 F.3d 1212, 1216 (10th Cir. 1998) (emphasis added) (internal marks and citations omitted) (interpreting 18 U.S.C. § 115(a)(1)(B)).

Defendant also argues he did not threaten to cause any injury because he could have meant he was going to have consensual sex with Officer Thompson's wife and daughter. Even if this were a plausible interpretation of Defendant's threat, this plausibility does not overcome Defendant's burden on a sufficiency claim. Given the context of Defendant's remarks, his tone, and the accompanying physical gestures, a rational trier of fact could easily conclude Defendant threatened to have involuntary sex with Officer Thompson's wife and daughter, and therefore threatened to assault them

---

rather, he challenges the sufficiency of the evidence to sustain a conviction based on those instructions. Cf. Visinaiz, 428 F.3d at 1308.

under either definition above.[3]  Finally, Defendant argues his threat was not made with the intent to impede, intimidate, or interfere with Officer Thompson.  Again, a reasonable jury could easily find otherwise.  Defendant made his threat after expressing displeasure with being held in an isolated cell, he believed Officer Thompson was responsible for his placement, and Officer Thompson had told him "it wasn't going to change."  A reasonable juror could therefore find Defendant made these threats to intimidate Officer Thompson into moving him to a non-isolated cell or to retaliate against him for his refusing to do so.

B.

Defendant next argues that, assuming the evidence was sufficient to sustain his conviction, § 115(a)(1)(A) is void for vagueness and violates the First Amendment. Defendant concedes that because he did not raise these claims below we review them only for plain error.  See, e.g., United States v. Robertson, 473 F.3d 1289, 1291 (10th Cir. 2007).  "Plain error exists only where (1) there was error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id.  "When no authority from the Supreme Court or this circuit would compel a determination that there was error and there is contrary authority in other circuits, the error can rarely be plain."  United States v. De Vaughn, 694 F.3d 1141, 1159 (10th Cir. 2012) cert. denied, 133 S. Ct. 2383 (2013) (quoting United States v. Baum, 555 F.3d 1129, 1136 (10th Cir. 2009)).

---

[3] Given that the record provides sufficient evidence to convict Defendant under either definition of assault, his argument regarding the lack of a unanimity instruction as to the two definitions of assault fails.

1.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Corrow, 119 F.3d 796, 802 (10th Cir. 1997) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)). Defendant concedes that "[a]n ordinary person would find that a threat to assault or injur[e] . . . is required in order for him to commit a crime under [§ 115(a)(1)(A)]." Def's Op. Br. at 17. But he appears to argue § 115(a)(1)(A) is vague because it does not define "assault." This argument fails under United States v. Calderon, 655 F.2d 1037, 1038–39 (10th Cir. 1981), where we rejected a defendant's vagueness challenge to a statute that criminalized "Congressional . . . assault" even though the statute nowhere defined "assault." Here, as in Calderon, the criminal statute is constitutionally definite since it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute.[4]

2.

Defendant then argues his threats were "just idol [sic] words" protected by the First Amendment. Def's Op. Br. at 18. For support, Defendant relies on an unpublished

---

[4] Defendant also cites authority referencing the First Amendment overbreadth doctrine. See City of Houston v. Hill, 482 U.S. 451, 458 (1987). But he never argues § 115(a)(1)(A) is constitutionally overbroad, perhaps because no authority appears to supports this contention. Rather, the statute appears to punish only "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Virginia v. Black, 538 U.S. 343, 359 (2003). The statute therefore criminalizes only "true threats," which the First Amendment does not protect. Id.

Kansas State Court of Appeals case where the defendant was convicted of disorderly conduct for stating "f**k you" to a police officer.  See In re E.O., 297 P.3d 1194; 2013 Kan. App. Unpub. LEXIS 265 (2013) (unpublished).  Defendant does not provide any binding authority for the proposition that his threats were protected speech.  Indeed, Defendant apparently fails to realize that the First Amendment does not protect "true threats."  Virginia v. Black, 538 U.S. 343, 359 (2003).  Defendant did not merely shout obscenities at Officer Thompson.  Cf. Lewis v. City of New Orleans, 415 U.S. 130, 132 (1974).  Nor did he engage in mere political hyperbole.  Cf.  Watts v. United States, 394 U.S. 705, 708 (1969).  Rather, Defendant communicated to Officer Thompson, matter-of-factly both with words and physical gestures, "[the] intent to commit an act of unlawful violence to a particular . . . group of individuals"—Officer Thompson's wife and daughter.  Black, 538 U.S. at 359.  The First Amendment does not protect "true threats" like these.  Id.

C.

Defendant also argues the district court erred in revoking his supervised release in case number 10019 for two reasons.  Both arguments fail.  A court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ."  18 U.S.C. § 3583(e)(3).  Defendant first argues the court erroneously took judicial notice of his § 115(a)(1)(A) conviction.  But Defendant explicitly told the court below that it could take judicial notice of this conviction.  Def's App. at 14.  Thus, "[i]f there is any error here, a challenge thereto is precluded as invited error."  Visinaiz, 428 F.3d at 1311.  Second,

-8-

Defendant claims that if we overturn his § 115(a)(1)(A) conviction his revocation cannot stand. But we affirm Defendant's conviction for the reasons stated above. Accordingly this second argument fails.

III.

Defendant next challenges the sentences imposed for both his § 115(a)(1)(A) conviction in case number 10248, and the resulting revocation of his supervised release in case number 10019. We first address Defendant's revocation sentence and then turn to his § 115(a)(1)(A) sentence.

A.

We will not reverse a revocation sentence if the record shows it was "reasoned and reasonable." United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012). We have held a sentence is reasoned where "[t]he court expressly stated that it considered the Chapter 7 policy statements in arriving at its sentence[ and] explained the other factors it took into account." United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004). "However, we have made it quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." Id.

U.S.S.G. 7B1.4(a) recommended a revocation sentence of 4 to 10 months for each of Defendant's two § 922(g)(5) convictions, to run consecutive to any sentence imposed for Defendant's § 115(a)(1)(A) offense. The court instead imposed a 24-month sentence, to run consecutive to Defendant's sentence for violating § 115(a)(1)(A). In doing so, the court stated it considered "Chapter 7 and Section 3553 of the guidelines." Furthermore, the court explained a number of factors it took into account including (1) Defendant's

-9-

criminal history, which indicated he was potentially dangerous to society, and (2) Defendant's misrepresentation to the court at his original § 922(g)(5) sentencing that he would not fight deportation. Defendant argues the district court should not have considered his decision to fight deportation after telling the court he would not do so. But Defendant's promise was part of the reason the court originally sentenced Defendant to only time served for his § 922(g)(5) conviction rather than impose a guideline sentence of 15 to 21 months. Furthermore, Chapter 7 of the Guidelines says a sentence for a violation of supervised release "should sanction primarily the defendant's breach of trust . . . ." U.S.S.G. ch. 7, pt. A, cmt. 3(b). We fail to see how the court erred in considering the fact that Defendant misled the court when the Guidelines specifically recommend that it do so. We therefore have no difficulty determining that a 24-month revocation sentence was reasoned and reasonable under the circumstances presented in this case. See United States v. Keller, 372 F. App'x 883, 889 (10th Cir. 2010) (approving a 24-month sentence upon revocation of supervised release as reasonable when the Chapter 7 policy statement recommended a revocation sentence of 4 to 10 months).

B.

We turn now to Defendant's sentence for his § 115(a)(1)(A) conviction in case number 10248. Our review of Defendant's sentence proceeds in two steps. "The correct Guidelines calculation is the natural starting point from which the sentencing court exercises its discretion under § 3553(a)." United States v. Kieffer, 681 F.3d 1143, 1164 (10th Cir. 2012) (internal quotations omitted). As such, we "'must first ensure that the district court committed no significant procedural error' in calculating the advisory

-10-

guideline range. That is, we must determine whether the method by which the court calculated that range is 'procedurally sound.'" Id. at 1165 (quoting United States v. Gall, 552 U.S. 38, 51 (2007)). Improperly calculating the guideline range is an example of "likely 'significant procedural error.'" Id. "Only if the district court follows sound procedure may we then consider whether the resulting sentence is reasonable in substance." United States v. Cerno, 529 F.3d 926, 937 (10th Cir. 2008).

Defendant argues the court erroneously enhanced his offense level at sentencing under U.S.S.G. § 3C1.1 for obstruction of justice. He argues his § 115(a)(1)(A) sentence is therefore procedurally unreasonable because it resulted in an improperly calculated guideline sentencing range. See United States v. Cook, 550 F.3d 1292, 1295 (10th Cir. 2008). "In considering challenges to sentencing enhancements under § 3C1.1, we review the district court's factual findings as to the obstruction of justice under the clearly erroneous standard, and review de novo the district court's legal interpretation of the Sentencing Guidelines." United States v. Hawthorne, 316 F.3d 1140, 1145 (10th Cir. 2003) (internal marks and citations omitted).

The Guidelines recommend increasing a defendant's offense level by two levels for obstruction of justice if he, for example, "commit[s], suborn[s], or attempt[s] to suborn perjury." U.S.S.G. § 3C1.1 cmt. (n.4(b)). The Supreme Court has stated that in the context of § 3C1.1, perjury takes place when "[a] witness testifying under oath or affirmation . . . gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. §1621).

Furthermore, the Court has stated, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." Id. at 95. For example, as noted above, "an accused may give inaccurate testimony due to confusion, mistake, or faulty memory." Id. As such, "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under [this] perjury definition." Id. at 95. At a minimum then, the district court must *independently find* "(1) a false statement under oath, (2) concerning a material matter, (3) with the willful intent to provide false testimony." Hawthorne, 316 F.3d at 1146 (citing Dunnigan, 507 U.S. at 94). Furthermore, "[t]he Tenth Circuit's standards are stricter than those expressed in Dunnigan." Id. Though the district court need not recite the perjurious testimony verbatim, "[w]e require that [the] court be explicit about which representations by the defendant constitute perjury." Id.

The district court never made independent findings as to any of these elements in Defendant's case. Furthermore, although we might have inferred these findings from the sentencing transcript, see id. at 1147, the district court enhanced Defendant's sentence based on an erroneous legal interpretation of § 3C1.1. The district court stated a defendant necessarily commits perjury under § 3C1.1 whenever he takes the stand and testifies in his own defense, and the jury nevertheless "convicts [him] in a manner that's inconsistent with them having believed [his] testimony . . . ." This reasoning directly conflicts with Dunnigan's statement that "not every accused who testifies at trial and is

-12-

convicted will incur an enhanced sentence under § 3C1.1 for committing perjury" because "an accused may give inaccurate testimony due to confusion, mistake, or faulty memory." The court therefore committed procedural error by enhancing Defendant's offense level based on an erroneous legal interpretation of § 3C1.1. Because we agree that this specific portion of Defendant's sentence was procedurally unreasonable, we need not address the substantive reasonableness of the actual sentence imposed.

On remand, the district court may still believe § 3C1.1 applies. If so, the court must make the necessary independent factual findings in a manner consistent with § 3C1.1 as interpreted by Dunnigan and Hawthorne.

IV.

Defendant's conviction under 18 U.S.C. § 115(a)(1)(A) and the sentence resulting from the revocation of his supervised release are AFFIRMED. Defendant's sentence based on his § 115(a)(1)(A) conviction in case number 10248, however, is REVERSED and REMANDED with instructions that the district court vacate Defendant's sentence and resentence him in accord with this Order and Judgment.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge