**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

OSAYUWAME BAZUAYE,

     Defendant - Appellant.

No. 14-3180
(D.C. No. 6:12-CR-10248-EFM-1)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MCKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. Osayuwame Bazuaye is an alien who was subject to immigration proceedings when taken into custody and placed in an isolated cell. Upset with his isolation, Mr. Bazuaye blamed Agent Douglas Thompson and made a hostile comment. According to the government, the comment consisted of a threat, with Mr. Bazuaye stating that he was going to have intercourse with Agent Thompson's wife

_____

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But, under some circumstances, citation may be permissible under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

and daughter. But, Mr. Bazuaye testified that he had told Agent Thompson that the sex with his wife and daughter had already taken place.

The jury believed the government's account and found Mr. Bazuaye guilty of threatening a federal law enforcement officer's immediate family. Based on this finding, the district court entered a judgment of conviction. In imposing the sentence, the court varied upward from the guidelines and imposed a two-level enhancement for obstruction of justice on the ground that Mr. Bazuaye had lied when testifying about what he had said to the agent. The result was a 60-month sentence.

**Mr. Bazuaye's Challenges to the Sentence**

A sentence must be procedurally and substantively reasonable. *United States v. Hanrahan*, 508 F.3d 962, 969 (10th Cir. 2007). Mr. Bazuaye challenges both components, arguing that (1) the court erred procedurally in imposing the two-level enhancement for obstruction of justice, and (2) the court erred substantively by imposing an overly harsh sentence of 60 months. We reject both challenges and affirm.[1]

**Procedural Reasonableness**

If Mr. Bazuaye had suborned perjury, the district court could increase the offense level by two for obstruction of justice. U.S.S.G. § 3C1.1 comment 4(b). In a prior appeal, we held that the court could increase the offense level only by

---

[1] The parties have not asked for oral argument, and we do not believe oral argument would be helpful. Thus, we have decided the appeal based on the briefs.

identifying the sworn statements constituting perjury and finding that they had been false, material, and given willfully with the intent to provide false testimony. *United States v. Bazuaye*, 559 F. App'x 709, 716 (10th Cir. 2014) (unpublished). The district court complied with these requirements by identifying the false testimony and explaining how it was false, material, and intentionally deceptive.

The sole issue was whether Mr. Bazuaye had threatened Agent Thompson's family. By definition, threats involve something to happen in the future. *See Webster's Third New Int'l Dict.* 2382 (1993) (definition of "threat"). Thus, it was crucial for the jury to decide whether Mr. Bazuaye had said he was going to have sex with Agent Thompson's wife and daughter or whether the comment involved past sexual relations. The first possibility would have constituted a threat; the second would have been little more than a juvenile taunt.

The district court relied on this distinction, finding that Mr. Bazuaye was lying when he testified. In explaining this finding, the court acknowledged that testimony does not constitute perjury if the witness simply made a mistake. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993). But, the court concluded that Mr. Bazuaye was not merely mistaken. In the court's view, Mr. Bazuaye was mad at Agent Thompson and tried to provoke him by threatening to have sex with his wife and daughter. Thus, the court found obstruction of justice and provided the required explanation. *See United States v. Sanchez*, 725 F.3d 1243, 1252-53 (10th Cir. 2013) (holding that the district

3

court adequately explained its reason for enhancing a sentence based on obstruction of justice through perjured testimony).

We can disturb these findings only if they are clearly erroneous. *See United States v. McKeighan*, 685 F.3d 956, 975 (10th Cir. 2012) ("A district court's determination that a defendant obstructed justice [under Sentencing Guideline 3C1.1] is a factual finding that we review for clear error."). They are not. Agent Thompson and Mr. Bazuaye gave two different accounts about what had been said, and the district court could reasonably accept the agent's version. Having accepted this version, the court could infer that Mr. Bazuaye had colored his account of the statement to cast it as a schoolyard taunt rather than a threat. The difference would be material, for Mr. Bazuaye would be acquitted if the jury believed his account and convicted if the jury believed Agent Thompson's account. As a result, we cannot disturb the district court's findings on the basis of clear error.

**Substantive Reasonableness**

The resulting issue is the substantive reasonableness of the 60-month sentence. On this issue, our review is limited: We can reverse only if the district court abused its discretion. *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008). The court abused its discretion only if we were to regard the 60-month sentence as "'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. Sayad*, 589 F.3d

4

1110, 1116 (10th Cir. 2009) (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)).

The guidelines called for a sentence between 41 and 51 months. The court concluded that the guideline range was too low based on Mr. Bazuaye's pattern of contemptuous treatment of law enforcement officers while in the United States. Had we been in the district court's shoes, we might have declined to vary upward. But, this is not enough. *See Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). We cannot regard the district court's assessment as arbitrary, capricious, whimsical, or manifestly unreasonable. As a result, we conclude that the district court acted within its discretion in imposing the 60-month sentence.

**Conclusion**

Having rejected the procedural and substantive challenges to Mr. Bazuaye's sentence, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5